885 P.2d 183

**STATE of Arizona, Respondent,**

v.

**Matthew Dean HERSHBERGER, Petitioner.**

**No. 1 CA–CR 94–0270–PR.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 15, 1994.

Richard M. Romley, Maricopa County Atty. by Arthur Hazelton, Deputy County Atty., Phoenix, for respondent.

Franklin & Mendoza, P.A. by Jose L. Mendoza, Tempe, for petitioner.

**OPINION**

KLEINSCHMIDT, Judge.

The Defendant, Matthew Dean Hershberger, challenges the summary dismissal of his Petition for Post–Conviction Relief. He asks this Court to set aside his plea and sentence.

For the reasons discussed below, we grant review and grant relief.

The Defendant was originally charged with two felonies, indecent exposure and resisting arrest. He signed a plea agreement which called for him to plead guilty to indecent exposure, a misdemeanor. The Defendant waived a preliminary hearing and entered a plea of guilty. No transcript of the proceeding at which this was done was made a part of the record. The minute entries, however, show that the judge advised the Defendant of the range of possible sentences. The trial judge also told the Defendant that probation was available and advised him of other conditions imposed by statute, including special requirements for probation. The judge informed the Defendant of his constitutional rights and determined that the Defendant knowingly, intelligently and voluntarily waived those rights. We assume that the Defendant admitted facts which established his guilt. The judge deferred acceptance of the plea until the time of sentencing.

At the sentencing, the trial court accepted the plea, suspended the imposition of sentence and placed the Defendant on probation for three years. As a condition of probation, the Defendant was required to abide by all conditions relating to sex offenders, including registration. *See* Ariz.Rev.Stat.Ann. ("A.R.S.") § 13–3821 (providing for sex offender registration). Again, the transcript of the sentencing proceeding was not made a part of the record.

The Defendant filed a Petition for Post–Conviction Relief in the trial court which was summarily dismissed. He then petitioned for review. A knowledge of the facts is necessary for an understanding of the issues the Defendant raises.

The State alleged that the Defendant exposed his genitals to two eleven-year-old girls who were riding their bicycles by his house. Under A.R.S. section 13–1402(A) indecent exposure is committed when a person "exposes his or her genitals . . . and another person is present, and the defendant is reckless about whether such other person, as a reasonable person, would be offended or alarmed by the act." The crime is a felony if the persons offended are under the age of fifteen. A.R.S. § 13–1402(B).

When the Defendant was questioned by the investigating officers, he asserted that he had not intended to expose himself and had not been reckless as to whether his actions would offend anyone. He told the officers that he was urinating by the side of his house at the time of the offense. The officers contacted the girls involved, and they said that the Defendant was not urinating, but merely standing and looking at the two girls when he exposed himself. The officers then returned to the Defendant and arrested him for indecent exposure. He forcibly resisted arrest and was charged with a second felony.

The Defendant claims that the trial court failed to sufficiently inform him of the effects of his plea. The Defendant specifically argues that the trial court failed to advise him of the intensity of the therapy required as a condition of probation and that he was not informed that as a sex offender he would be forbidden to live with his brother, who is a minor.

Before accepting a plea, the trial court must inform the Defendant and determine that he understands:

a. The nature of the charge to which the plea is offered;

b. The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute;

c. The constitutional rights which the defendant forgoes by pleading guilty or no contest, including his or her right to counsel if he or she is not represented by counsel;

d. The right to plead not guilty;

e. That by pleading guilty or no contest in a noncapital case the defendant will waive the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief

pursuant to Rule 32 and, if denied, a petition for review.

Ariz.R.Crim.P. 17.2.

In this case, the intensity of the therapy and the fact that the Defendant is not able to live with his brother who is a minor are both conditions of probation. A defendant must be advised of any "special conditions regarding sentence, parole, or commutation imposed by statute." Ariz.R.Crim.P. 17.2(b); *State v. Young*, 112 Ariz. 361, 363, 542 P.2d 20, 22 (1975). Here, there were no special conditions of sentence, parole, or commutation which required explanation. No statute, rule, or decision requires the court to advise a defendant of all the conditions of probation which may be imposed as a result of a guilty plea. Furthermore, the conditions of probation, here, have been modified to allow the Defendant to live with his brother.

The Defendant also asserts that he was not advised that he would have to register as a sex offender. As we explain below, the Defendant was aware of the registration requirement before he entered the plea. In any event, in *State v. Young*, 112 Ariz. at 363, 542 P.2d at 22, the Arizona Supreme Court held that a defendant who pled guilty to rape need not be advised of the requirement that he register as a sex offender.

Next, the Defendant contends that his lawyer was ineffective because he coerced the Defendant into accepting the plea agreement. The Defendant claims that he was originally told by his lawyer that he should never plead guilty to indecent exposure because he would have to register as a sex offender for the rest of his life. Later, according to the Defendant, his counsel told him that he should plead guilty because his defense was weak. In addition, the Defendant claims his counsel told both him and his family that the Defendant would have a good chance to get the sex offender registration dropped after one year. The Defendant asserts that when he persisted in maintaining his innocence, his lawyer said, "Don't play games with me." The lawyer then allegedly coached the Defendant in how to lie to the trial judge to get him to accept the plea. The overall effect of this, the Defendant maintains, is that he was coerced into accepting a plea agreement and falsely relating a story of guilt.

■ There is a strong presumption that defense counsel has provided effective assistance. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Ineffective assistance is not to be a matter of mere speculation. *State v. McDaniel*, 136 Ariz. 188, 198, 665 P.2d 70, 80 (1983). However, in *Blackledge v. Allison*, 431 U.S. 63, 75, 97 S.Ct. 1621, 1629–30, 52 L.Ed.2d 136 (1977), the United States Supreme Court held that despite the defendant's statement to the trial judge that his lawyer had made no promises to him to influence his plea, the defendant was entitled to an evidentiary hearing to determine whether the defendant's "representations at the time his guilty plea was accepted were so much the product of such factors as misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." In addition, when a defendant claims, under oath, that his lawyer told him to lie for the sole purpose of establishing a factual basis for the plea, the defendant is entitled to an evidentiary hearing to determine whether such is true. If it is, the plea must be set aside as a denial of due process of law. *Sanders v. State*, 440 So.2d 278, 285 (Miss. 1983).

■ In summary, there are two aspects of the Defendant's claim that merit a hearing. First, if the Defendant was in fact told by his counsel that the sex offender registration could be dropped after a year, which it cannot be, then the Defendant, if he had not been disabused of the notion from another source, did not have the benefit of effective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 62, 106 S.Ct. 366, 372, 88 L.Ed.2d 203 (1985) (important misadvice with regard to a plea can constitute ineffective assistance of counsel) (White, J., concurring). Second, if the Defendant lied to the trial judge at the direction of his attorney to get the judge to accept the plea, then the Defendant has been denied due process. *Sanders*, 440 So.2d at 285; *see also Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

In this case, the Defendant is entitled to an evidentiary hearing. This case is remanded for further proceedings consistent with this opinion.

EHRLICH and WEISBERG, JJ., concur.