935 P.2d 920

**STATE of Arizona, Appellee,**

v.

**Michael Anthony JIMENEZ, Appellant.**

No. 1 CA–CR 96–0056.

Court of Appeals of Arizona,
Division 1, Department C.

Dec. 24, 1996.

Review Denied April 29, 1997.

Grant Woods, The Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Crane McClennen, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for Appellant.

OPINION

THOMPSON, Judge.

Michael Anthony Jimenez (defendant), appeals from the trial court's order denying his

motion to vacate conditions of probation. The state argues that this court lacks jurisdiction to hear this case because the challenged probation conditions were imposed based upon defendant's guilty plea. Relying on Ariz.Rev.Stat.Ann. (A.R.S.) § 13–4033(B), the state argues that the defendant does not have a right of direct appeal. For the reasons stated below, we agree and dismiss this appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged by complaint with one count of theft, a class 3 felony. Defendant waived his right to a preliminary hearing and agreed to plead guilty to theft, a class 1 misdemeanor. Later, the plea agreement was amended and defendant pled guilty to unlawful use of means of transportation, a class 1 misdemeanor, in violation of A.R.S. § 13–1803. The parties stipulated that defendant would be placed on supervised probation. The parties also agreed that defendant would be required to pay restitution and would not have any contact with the victim or her children.

At the change of plea hearing on September 15, 1995, the trial court deferred acceptance of the plea agreement to the time of sentencing. At sentencing on November 17, 1995, the trial court accepted defendant's plea and placed defendant on supervised probation. Based upon information supplied by the Adult Probation Department in its presentence report, the trial court imposed sex offender conditions of probation, including term 9 which required defendant to register as a sex offender, and term 9A, which required defendant to submit to DNA testing. Four days later, defendant filed a notice of petition for post-conviction relief.

Defendant then filed a motion to modify the terms of his probation and asked the court to delete terms 9 and 9A. He argued that the terms were improperly imposed because he was not convicted of any sexual offense. The state opposed the motion and argued that the terms served as "part of the rehabilitative process." After consideration of the matter, the trial court granted the motion and ordered that terms 9 and 9A be deleted.

About three weeks later, defendant filed another motion to modify the terms of his probation. Defendant requested that the trial court delete the remaining probation conditions for sex offenders. He argued that none of the sex offender conditions were proper because he was convicted of a nonsexual offense.

The state responded and opposed defendant's motion. The state argued that because there was a relationship between the rehabilitative goals of probation and the character and conduct of defendant, the court should deny the motion. On January 10, 1996, the trial court entered an order denying defendant's motion.

Defendant then timely filed a notice of appeal from this order.

## DISCUSSION

■ Because defendant pled guilty, he must seek review of his change of plea and sentencing proceedings by way of Rule 32, Ariz.R.Crim.P. He cannot bestow on himself the right of direct appeal by simply filing a "motion to modify" conditions of probation which were imposed at the time of sentencing. *See State v. Baca,* 187 Ariz. 61, 926 P.2d 528 (App.1996) (direct appeal of a Rule 24.3 motion to modify sentence imposed pursuant to a probation violation agreement is precluded by A.R.S. § 13–4033(B)).

Since September 30, 1992, pursuant to A.R.S. § 13–4033(B), and Rules 17.1(e), 17.2(e), and 27.8(e), Ariz.R.Crim.P., defendants no longer enjoy a direct appeal from a plea agreement or probation violation admission proceeding.

A.R.S. § 13–4033(B) (Supp.1996) provides:

In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation.

Rule 17.1(e) states:

**e. Waiver of Appeal.** By pleading guilty or no contest in a noncapital case, a defendant waives the right to have the appellate courts **review the proceedings by way of**

**direct appeal,** and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 and, if denied, a petition for review.

(Emphasis added.)

These rule and statutory changes were intended to preclude defendants in noncapital cases from seeking direct appellate review of a judgment or sentence entered pursuant to a guilty plea or a probation violation admission. *See Wilson v. Ellis,* 176 Ariz. 121, 123, 859 P.2d 744, 746 (1993). In *State v. Georgeoff,* 163 Ariz. 434, 788 P.2d 1185 (1990), our supreme court commented on the large number of direct appeals from plea agreement proceedings, stating:

> "The appellate process is taxed enough with the volume of cases that pose serious questions for resolution. It is an abuse of the process to clog an already crowded docket with appeals that could easily be resolved under the Rule 32 process." [*Anderson* ] at 415, 773 P.2d at 974. In *State v. Crowder,* 155 Ariz. 477, 747 P.2d 1176 (1987), we specifically condemned the practice of raising an issue concerning a plea agreement for the first time on appeal.

163 Ariz. at 437–38, 788 P.2d at 1188–89 (quoting *State v. Anderson,* 160 Ariz. 412, 773 P.2d 971 (1989)). In response to these concerns, the Arizona Supreme Court substantially revised Rule 32 as noted above. Since those amendments, our supreme court has made it clear that a pleading defendant waives his or her direct appeal rights. *Wilson v. Ellis,* 176 Ariz. at 123, 859 P.2d at 746. There, the court noted that:

> It was precisely because of [Arizona Constitution] art. 2, § 24 that this court expressly left open the avenue of appellate review by PCR in lieu of direct appeal when it amended the rules with respect to cases involving admissions of probation violations.

Thus, although A.R.S. § 13–4033(B) and Ariz.R.Crim.P. 27.8 deny a direct appeal to the defendant who [pleads guilty or] admits a probation violation, that defendant still may file a PCR.

*Id.*

Defendant does not disagree that he waived his right of direct appeal by pleading guilty. However, he argues that he does have the right of direct appeal from the trial court's order denying his motion to modify. In support of his argument, defendant relies on A.R.S. § 13–4033(A)(2). Prior to 1992, A.R.S. § 13–4033 provided that a defendant could appeal from:

1. A final judgment of conviction.

2. An order denying a motion for a new trial or denying a motion for an arrest of judgment, or from an order made after judgment affecting the substantial rights of the party.

3. A sentence on the grounds that it is illegal or excessive.

A.R.S. § 13–4033 (1989).

■ In 1992, however, the legislature acted by redesignating the language quoted above as subsection (A) and adding subsection (B) which provides:

> In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation.

A.R.S. § 13–4033(B) (Supp.1996). Thus, any right of appeal pursuant to subsection (A)(2) is restricted by subsection (B), which precludes a direct appeal from a judgment or sentence entered pursuant to a plea agreement. To hold otherwise would render the rule changes and statute meaningless. Any defendant who wished to file a direct appeal could simply file a post-judgment motion. After the trial court entered an order denying the motion, the defendant would file a direct appeal. This is contrary to the letter and spirit of the rule and statutory changes.

Our supreme court has made it clear that "[i]t is through operation of the rules governing post-conviction relief that our constitutional guarantee of appellate review in all cases is effectuated for pleading defendants." *State v. Smith,* 184 Ariz. 456, 458, 910 P.2d 1, 3 (1996) (citations omitted). Whether defendant could have been afforded relief by way

of a petition for post-conviction relief, he has no right of appeal here.

The trial court's order denying defendant's motion to modify the terms of probation is not an order affecting the substantial rights of defendant. If the trial court's order had actually changed or modified the judgment or sentence originally imposed, we assume defendant would have had the right of direct appeal. *See Arvizu v. Fernandez,* 183 Ariz. 224, 226–27, 902 P.2d 830, 832–33 (App. 1995) (to be appealable, post-judgment order must raise issues different from those that could have arisen from an appeal from an underlying judgment; this argument prevents a delayed appeal from the judgment). *But see State v. Hovey,* 175 Ariz. 219, 220, 854 P.2d 1205, 1206 (App.1993) (no direct appeal from post-judgment order modifying restitution because order did not affect the substantial rights of the defendant). In this case, the order did not modify defendant's sentence.

## CONCLUSION

Because this court lacks appellate jurisdiction, this appeal is dismissed.

KLEINSCHMIDT and GRANT, JJ., concur.