938 P.2d 107

**STATE of Arizona, Appellee,**

v.

**Leon DELGARITO, Appellant.**

**No. 1 CA–CR 96–0471.**

Court of Appeals of Arizona,
Division 1, Department A.

March 11, 1997.

Review Denied June 24, 1997.

Grant Woods, The Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Section and Consuelo M. Ohanesian, Assistant Attorney General Attorneys, Phoenix, for Appellee.

H. Allen Gerhardt, Coconino County Public Defender Attorneys, Flagstaff, for Appellant.

TOCI, Judge.

Leon Delgarito ("defendant") appeals from the judgment of the trial court designating as a felony the undesignated class 6 offense to which he had pled guilty a year earlier. He asserts that the trial court erred in designating the offense without first providing him both notice and a hearing. Although the state concedes that defendant was entitled to notice and a hearing, it disputes defendant's claim that he is entitled to raise this issue on direct appeal. The state argues that because defendant had pled guilty, his only avenue of relief is a Rule 32 petition for postconviction relief.

We conclude that defendant is entitled to a direct appeal based on Ariz.Rev.Stat. Ann. ("A.R.S.") section 13–4033(A)(2) (Supp.1996), which provides that a defendant may appeal "from an order made after judgment affecting [his] substantial rights." A felony designation is such an order, and defendant is entitled to appeal the issue of whether the trial court's designation order, made without either notice or a hearing, violated his right to due process. This issue is not one that effectively challenges the plea agreement or sentence and thus is not an appeal barred by A.R.S. section 13–4033(B) (Supp.1996). Accordingly, we reverse the order and remand for a hearing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with sexual conduct with a minor, a class 2 felony and dangerous crime against a child. He pled guilty to aggravated assault, a class 6 undesignated offense, and to contributing to the delinquency of a minor, a class 1 misdemeanor. The court explained, and the plea agreement provided, that by pleading guilty, defendant relinquished his right to a direct appeal and that his only review was by a petition for postconviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.

The court found defendant guilty of both offenses. It suspended sentence and placed defendant on probation for one year; it also ordered him to pay a $40 monthly probation service fee, a $12 time payment fee, and $300 for the cost of defense. One year later, the probationary term had expired. The court, without notice or a hearing, crossed out the original designation of the aggravated assault on the order and entered "felony" in its place. It entered an order terminating probation and entered judgment in the amount of $262 against defendant for the unpaid balance of the cost of his prosecution.

Defendant filed a timely notice of appeal. By order, this court dismissed the appeal for lack of jurisdiction. The order stated that defendant must file a petition for postconviction relief to have his conviction or sentence reviewed and that the notice of appeal failed to comply with Rule 31.2(d), Arizona Rules of Criminal Procedure. After defendant filed a motion for reconsideration, we reinstated the appeal.

## II. DISCUSSION

In order to "unclog an appellate system burdened with guilty plea and probation violation admission appeals and divert such cases to the Rule 32 process," *State v. Baca*, 187 Ariz. 61, 65, 926 P.2d 528, 532 (App.1996), the legislature enacted A.R.S. section 13–4033(B). It provides: "In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation." A.R.S. § 13–4033(B). Our supreme court also amended Rule 17.1(e), Arizona Rules of Criminal Procedure. Rule 17.1(e) states:

By pleading guilty or no contest in a noncapital case, a defendant waives the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for postconviction relief pursuant to Rule 32, and, if denied, a petition for review.

Defendant concedes that the above Rule and statute deprive him of the right to directly appeal the original plea. He contends, however, that A.R.S. section 13–4033(A)(2) nevertheless gives him a right to directly appeal the order designating the aggravated assault a felony. The latter statute provides that a defendant may appeal from "[a]n order denying a motion for a new trial

or from *an order made after judgment affecting the substantial rights of the party."* (Emphasis added). Defendant argues that the designation order is an order made after judgment and one that affects his "substantial rights." We agree.

■ Once the court designates an offense a felony, it may be used to enhance punishment for a subsequent felony offense. A.R.S. § 13–604 (Supp.1996). Conviction of a felony deprives a defendant of the right to vote, hold office, serve as a juror, or possess a firearm. A.R.S. § 13–904 (Supp.1996). It also may have extrajudicial impact on employment prospects or educational opportunities. Clearly, a felony designation imposes significant consequences and thus affects a defendant's substantial rights. Before the trial court can designate an open-ended offense a felony, a defendant must be afforded a due process right to notice and a hearing. *See State v. Pinto,* 179 Ariz. 593, 597, 880 P.2d 1139, 1143 (App.1994) (designating an undesignated offense implicates due process and requires notice and opportunity to be heard); *State v. Benson,* 176 Ariz. 281, 283, 860 P.2d 1334, 1336 (App.1993) (designating an undesignated offense in defendant's absence violated due process; defendant was entitled to actual notice of hearing and opportunity to be heard).

■ The question remains whether defendant may assert the due process violation in a direct appeal or is restricted to postconviction relief in the trial court. In *State v. Jimenez,* 188 Ariz. 342, 344, 935 P.2d 920, 922 (App. 1996), we assumed that a right of appeal exists if the trial court alters the judgment or a defendant's sentence. But in *Jimenez,* the defendant had pled guilty, was placed on probation, and then appealed from the trial court's denial of a motion to modify probation. *Id.* at 343, 935 P.2d at 921. The defendant claimed that denial of his motion affected his substantial rights within the meaning of A.R.S. section 13–4033(A)(2) and entitled him to a direct appeal. *Id.*

In *Jimenez,* we found that the trial court had imposed the probation conditions at sentencing pursuant to the plea agreement, *id.* at 343, 935 P.2d at 921, and that A.R.S.

section 13–4033(B) precluded a direct appeal. *Id.* at 344, 935 P.2d at 922. A pleading defendant may not circumvent the statute or Rule 32 simply by filing a post-judgment motion to raise sentencing issues. *Id.* at 343, 935 P.2d at 921. Because the challenged order did not modify or change the defendant's original sentence, the trial court's denial of the motion did not affect his substantial rights. *Id.* at 344, 935 P.2d at 922. Thus, a pleading defendant may directly appeal the trial court's ruling on a post-judgment motion if the issues raised are not those that would normally arise in an appeal from the original judgment and sentence. *Id.* (citing *Arvizu v. Fernandez,* 183 Ariz. 224, 226–27, 902 P.2d 830, 832–33 (App.1995)).

Similarly, in *Baca,* the defendant had admitted a probation violation pursuant to an agreement with the state. 187 Ariz. at 62, 926 P.2d at 529. The trial court advised defendant that Rule 32 was "his only means for review of his admission and any disposition imposed thereon." *Id.* At the disposition hearing, the court revoked the defendant's probation and sentenced him to prison. *Id.* He moved to modify his sentence, and when the trial court denied his motion, he appealed. *Id.*

Although the defendant argued that he appealed only from the order denying his motion, we found that he was actually appealing from the sentence imposed. *Id.* at 63–65, 926 P.2d at 530–32. To hold that he was not precluded from a direct appeal would have encouraged other defendants to wait until sentencing, file a motion to modify the sentences, and then appeal the denial of that motion. *Id.* at 65–66, 926 P.2d at 532–33. We dismissed the appeal under A.R.S. section 13–4033(B). *Id.*

Significantly, unlike the defendants in *Jimenez* and *Baca,* defendant here is not attempting to circumvent Rule 32 by "pausing long enough after sentencing" to file a motion, appeal from that motion, and thereby appeal from the original judgment and sentence. *See id.; Jimenez,* 188 Ariz. at 344, 935 P.2d at 922. He did not seek review of the plea agreement or conditions of proba-

tion; rather, he raised the issue of whether the trial court deprived him of due process by failing to notify him and hold a hearing in advance of the felony designation. Because the designation had not occurred, that issue could not have been raised in connection with the original judgment of guilt and imposition of probation. *See Jimenez,* 188 Ariz. at 344, 935 P.2d at 922 (appealable post-judgment orders raise issues different from those arising from the underlying judgment).

Finally, our conclusion is influenced by the fact that defendant has no other means of appellate review. We note that the Arizona Constitution requires, and our supreme court has held, that a defendant is guaranteed some form of appellate relief. Ariz. Const. art. 2, § 24; *Wilson v. Ellis,* 176 Ariz. 121, 123, 859 P.2d 744, 746 (1993). We have carefully examined Rule 32 and cannot find any language that authorizes a criminal defendant to utilize Rule 32 for the purpose of reviewing the trial court's denial of a felony designation hearing. Thus, to deny defendant a direct appeal under A.R.S. section 13–4033(A)(2) would violate the constitution.

### III. CONCLUSION

For the foregoing reasons, we reverse the judgment designating the aggravated assault offense a felony and remand to the trial court for a felony designation hearing.

GRANT, P.J., and RYAN, J., concur.