38 P.3d 38

**Veronica Jeanne FISHER, Petitioner,**

v.

**The Honorable Roger W. KAUFMAN, Judge of the Superior Court of the State of Arizona, in and for the County of Yavapai, Respondent Judge,**

**State of Arizona, ex rel. Janet Napolitano, Arizona Attorney General, Real Party in Interest.**

No. 1 CA–SA 01–0245.

Court of Appeals of Arizona, Division 1, Department E.

Dec. 31, 2001.

Thomas K. Kelly, P.C., Prescott, Attorney for Petitioner.

Janet Napolitano, Attorney General, by Lisa S. Wahlin, Assistant Attorney General, Phoenix, Attorneys for Real Party in Interest.

## OPINION

LANKFORD, Judge.

¶ 1 In this special action, Petitioner challenges the superior court's order vacating its prior termination of her registration as a sex offender. Petitioner contends that the court erred in determining that the registration statute mandates lifetime registration. We accept jurisdiction and deny relief, because registration for Petitioner's offense is for her lifetime.

¶ 2 The important facts are as follows. Petitioner pled guilty to sexual conduct with a minor, a class six undesignated felony. The superior court sentenced her to two years of probation. Pursuant to her probation terms and Ariz.Rev.Stat. ("A.R.S.") § 13–3821(A)(4) (2001), she registered with the Department of Public Safety ("the Department") as a sex offender.

¶ 3 After Petitioner's successful completion of probation, the court designated the offense a misdemeanor and granted Petitioner's motion to terminate sex offender registration. The Department moved for reconsideration. It acknowledged that Petitioner had presented supporting evidence, but argued that the court lacked the authority to terminate sex offender registration because it is a lifetime requirement. The trial court granted the motion and vacated its earlier order. Petitioner then filed this special action.

¶ 4 Special action jurisdiction is appropriate in this case. The question is one of statewide importance, *see Duquette v. Super. Ct.,* 161 Ariz. 269, 271, 778 P.2d 634, 636 (App.1989), and requires interpretation of a statutory provision. *See Escalanti v. Super. Ct.,* 165 Ariz. 385, 386, 799 P.2d 5, 6 (App. 1990).

¶ 5 Petitioner also lacks an appropriate appellate remedy due to her guilty plea. *See generally* Ariz. R.P. Spec. Act. 1 ("[T]he special action shall not be available where there is an equally plain, speedy, and adequate remedy by appeal. . . ."). The criminal appeals statute provides that a defendant may appeal from "an order made after judgment affecting the substantial rights of the party." A.R.S. § 13–4033(A)(2) (2001). The right to appeal is restricted by subsection B of the statute, which precludes direct appeal from a judgment or sentence entered pursuant to a plea agreement. *State v. Jimenez,* 188 Ariz. 342, 344, 935 P.2d 920, 922 (App. 1996). However, subsection B does not bar an appeal from a post-judgment order when the issue raised is "not one that effectively challenges the plea agreement or sentence." *State v. Delgarito,* 189 Ariz. 58, 59, 938 P.2d 107, 108 (App.1997) (distinguishing *Jimenez* ).

¶ 6 Defendant cannot appeal because she challenges the sentence originally imposed, which included the registration requirement. Petitioner's case is therefore more akin to *Jimenez* than to *Delgarito.* In *Jimenez,* the defendant pled guilty and was sentenced. He later challenged the trial court's order denying his motion to modify his terms of probation. The defendant could not appeal from that order because it challenged the conditions of probation originally imposed at sentencing pursuant to the plea agreement. *Jimenez,* 188 Ariz. at 343, 935 P.2d at 921. In contrast, the defendant in *Delgarito* pled guilty to an undesignated offense. After he completed probation, the trial court designated his offense a felony. Defendant challenged the order designating the offense as a felony. The order was appealable because the issue presented—whether the trial court had deprived defendant of due process by failing to provide him with notice and hearing—could not have been raised in connection with the original judgment and sentence. *Delgarito,* 189 Ariz. at 60–61, 938 P.2d at 109–10. Petitioner's case is more analogous to *Jimenez* than *Delgarito* because she challenges a refusal to alter part of the sentence originally imposed: the registration requirement. Thus, she is precluded from direct appellate review.

¶ 7 Moreover, the postconviction relief process provides no means by which Petitioner can challenge the order. *See* Ariz. R.Crim. P. 32.1; *Delgarito,* 189 Ariz. at 61, 938 P.2d at 110. Petitioner has not alleged any of the grounds for such relief set forth in Rule 32.1. It therefore appears Petitioner has no remedy other than by special action.

■ ¶ 8 Although we accept jurisdiction, we deny relief. The trial court correctly declined to terminate registration because sex offender registration lasts for the life of the registrant, with certain exceptions not applicable here. The trial court sentenced Petitioner for a violation of A.R.S. § 13–1405 (2001), which is one of seventeen enumerated offenses for which a defendant must register as a sex offender. *See* A.R.S. § 13–3821(A). Although the statute is silent regarding the duration of the registration requirement, the Legislature elsewhere revealed its intention that registration continue for the life of the defendant.

■ ¶ 9 Petitioner argues that amendments to § 13–3821 reflect a discretionary approach to registration. When a statute fails to address a specific matter, we may look to the statute's development to determine legislative intent. *Carrow Co. v. Lusby,* 167 Ariz. 18, 20, 804 P.2d 747, 749 (1990). Section 13–3821 has been amended several times. Most significantly, it was amended to grant the trial court discretion to order registration for offenses other than those enumerated in subsection A, *see* § 13–3821(C), and to add language limiting the duration of registration in two situations, *see* § 13–3821(D) & (F) (juveniles) & (K) (unlawful imprisonment and kidnaping convictions).

¶ 10 These provisions do not apply to Petitioner. Subsections D, F, and K are inapplicable because Petitioner was neither adjudicated as a juvenile nor convicted of unlawful imprisonment or kidnaping. Subsection C, which grants discretion to order registration or not for certain offenses, does not apply to Petitioner's offense. Registration for sexual conduct with a minor is made mandatory by subsection A. None of these provisions supports Petitioner's argument that the court may terminate her registration.

■ ¶ 11 Language found elsewhere in the registration statute indicates that "lifetime" is the default term of registration. A statutory provision is interpreted to harmonize with other provisions of the same statute. *Saenz v. State Fund Workers' Comp. Ins.,* 189 Ariz. 471, 474, 943 P.2d 831, 834 (App. 1997). Subsection H requires a registrant to obtain a motor vehicle operator's license or nonoperating identification "every year" after initial registration. A.R.S. § 13–3821(H).[1] Subsection K creates a ten-year registration period for those convicted of imprisonment and kidnaping, but adds that "[n]otwithstanding this subsection, a person who has a prior conviction for an offense for which registration is required pursuant to this section is required to register for *life.*" A.R.S. § 13–3821(K) (emphasis added). This language indicates that the ten-year rule does not supercede the lifetime registration required after conviction of one of the other fifteen offenses requiring registration under subsection A. Read together, the statutory provisions indicate that the Legislature contemplated lifetime registration under § 13–3821(A).

■ ¶ 12 Finally, we have historically referred to § 13–3821 registration as continuing for life. *See State v. Cameron,* 185 Ariz. 467, 469, 916 P.2d 1183, 1185 (App.1996) ("lifetime registration"); *State v. Hershberger,* 180 Ariz. 495, 497, 885 P.2d 183, 185 (App.1994) (misadvice for lawyer to tell client that registration could be terminated after a year); *State v. Lammie,* 164 Ariz. 377, 383, 793 P.2d 134, 140 (App.1990) (§ 13–3821 "lifetime registration" requirement does not violate the Eighth Amendment). The Legislature is presumed to be aware of court decisions interpreting statutory language and to approve those decisions when it retains the language. *State v. Pennington,* 149 Ariz. 167, 168, 717 P.2d 471, 472 (App.1985).

---

1. The photograph obtained by the motor vehicle division is then to be made available to law enforcement agencies. A.R.S. § 13–3821(H).

¶ 13 We therefore hold that the duration of registration under § 13–3821(A) is for the lifetime of the offender. Accordingly, we deny relief from the order vacating a prior order terminating Petitioner's registration.

CONCURRING: JON W. THOMPSON, Presiding Judge, and DANIEL A. BARKER, Judge.