**Steven HERRON, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 55A05–0906–CV–341.**

Court of Appeals of Indiana.

Dec. 29, 2009.

would support a grant of summary judgment in favor of Essex as against Wurster and Kane.

Steven C. Litz, Monrovia, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Steven Herron appeals the trial court's order affirming his lifetime obligation to register in Indiana as a sex offender because of his 1984 Arizona conviction for sexual conduct with a minor. We affirm.

### ISSUE

Herron raises one issue for our review, which we restate as: Whether the trial court erred in interpreting the content and constitutional limitations of Indiana's Sex Offender Registry Act.

### FACTS AND PROCEDURAL HISTORY

In 1980, Herron performed fellatio on a seventeen-year old. In 1983, Herron attempted to fondle another young man. Both acts occurred in Arizona.

The State of Arizona charged Herron with various offenses, and Herron pled guilty to one count of attempted sexual abuse and one count of sexual conduct with a minor under eighteen. In 1984, the Arizona trial court accepted the pleas, entered judgment, and sentenced Herron to consecutive twenty-month terms of incarceration.

After being released from prison, Herron registered as a sex offender with the Arizona Department of Public Safety ("ADPS") under a statute that had been promulgated in 1983. See Ariz.Rev.Stat. § 13–3821. Under the statute, Herron was required to register with the county sheriff in any county where he remained for more than ten days. See A.R.S. § 13–3821(A)(4) (formerly A.R.S. § 13–3821(A)(2)). Moreover, at the time, registration was considered a lifetime requirement. See Fisher v. Kaufman, 201 Ariz. 500, 38 P.3d 38, 40–41 (Ariz.App. Div. 1 2001), rev. denied.

Sometime after Herron registered, he moved to Indiana without notifying ADPS of his relocation. ADPS tracked Herron to an Indiana address and notified him via letter in November, 2008, that it was attempting to verify the address. At approximately the same time, the Morgan County Sheriff's Department learned that Herron was living in Morgan County, and it sent him a letter requesting that he register as a sex offender.

Herron filed a petition alleging that he was not required to register as a sex offender in Arizona and therefore could not be required to register in Indiana. At the hearing on his petition, Herron admitted that he was required to register as an offender in Arizona, but he argued that Indiana did not have an offense equivalent to the one he had committed in Indiana. The trial court denied Herron's petition and this appeal ensued.

### DISCUSSION AND DECISION

Herron contends that he cannot be required to register under Indiana's Sex Offender Registration Act (the "Act") because the offenses he committed in Arizona are not substantially equivalent to any Indiana offense. However, it is clear that the Act requires a sex offender who is required to register in another state to register in Indiana. Ind.Code § 11–8–8–5(b)(1). Indeed, the Act defines a "sex offender" as "a person who is required to

register as a sex or violent offender in any jurisdiction." *Id.* Because he is required to register for life as a sex offender in Arizona, Herron is a "sex offender" who is required to register for life under the Act. *See* Ind.Code § 11–8–8–19(f) (noting that a person required to register as a sex offender in any jurisdiction shall register in Indiana for the period required by the other jurisdiction).

 Herron further contends that the trial court erred because the trial court's order results in retroactive punishment forbidden by the Ex Post Facto Clause of the Indiana Constitution. In support of this contention, Herron cites *Wallace v. State,* 905 N.E.2d 371 (Ind.2009), in which our supreme court held that the Act may not apply to a defendant who committed an offense before the Act was enacted.

In *Wallace,* the State of Indiana charged Wallace in 1988 with two counts of child molesting, and he pled guilty to one charge in 1989. Wallace completed probation in 1992, two years before our legislature passed a version of the Act that, among other things, required probationers and parolees convicted of child molesting on or after June 30, 1994, to register as sex offenders. *Id.* at 373. In 2001, the Act was amended to require all offenders convicted of certain sex offenses to register as sex offenders regardless of conviction date. *Id.* The State determined that Wallace was required to register under the Act, but our supreme court held that the Act, as applied to Wallace, violated the prohibition on ex post facto laws contained in the Indiana Constitution "because it impose[d] burdens that [had] the effect of adding punishment beyond that which could have been imposed when his crime was committed." *Id.* at 384.

We note that Herron has waived his ex post facto argument because he did not present the issue to the trial court. *See Saunders v. State,* 848 N.E.2d 1117, 1122 (Ind.Ct.App.2005), *trans. denied* (holding that a party may not raise a claim on appeal that was not presented to the trial court). Waiver notwithstanding, the Act is not an ex post facto law as applied to Herron. On the same day that it handed down *Wallace,* our supreme court handed down *Jensen v. State,* 905 N.E.2d 384, 394 (Ind.2009), a plurality decision supporting the proposition that portions of the Act requiring lifetime registration may be applied retroactively if the offender was already required to register at the time of his offense. This is the case with Herron, who was required by Arizona to register as a sex offender when he committed his offense. Wallace, unlike Herron, was not required to register when he committed his offense and therefore could not be subjected to the entirety of the Act.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.