SUPREME COURT OF ARIZONA
En Banc

FRANK HOFFMAN,                          )  Arizona Supreme Court
                                        )  No. CV-12-0149-PR
                         Petitioner,    )
                                        )
                                        )  Court of Appeals
                 v.                     )  Division Two
                                        )  No. 2 CA-SA 12-0010
THE HONORABLE TERRY L. CHANDLER,        )
JUDGE OF THE SUPERIOR COURT OF          )  Pima County
THE STATE OF ARIZONA, in and for        )  Superior Court
the County of Pima,                     )  No. CR20113674
                                        )
                    Respondent Judge,   )
                                        )
THE STATE OF ARIZONA; TUCSON CITY       )  **O P I N I O N**
PROSECUTOR'S OFFICE,                    )
                                        )
             Real Parties in Interest.  )
_____)


Appeal from the Superior Court in Pima County
The Honorable Terry L. Chandler, Judge


**AFFIRMED**

_____


Order of the Court of Appeals Division Two
Filed April 3, 2012

_____


MARY C. TREJO, TUCSON PUBLIC DEFENDER                    Tucson
     By   Kristina Julie Bohn, Deputy Public Defender
Attorney for Frank Hoffman

MICHAEL G. RANKIN, TUCSON CITY ATTORNEY                          Tucson
      By   Baird S. Greene, Deputy City Attorney
           William F. Mills, Principal Assistant
           Prosecuting City Attorney
Attorneys for State of Arizona and Tucson City Prosecutors
Office
_____

**T I M M E R**, Justice

¶1       Subsection (A)(3) of A.R.S. § 13-4033 authorizes a defendant to appeal a post-judgment order that affects substantial rights, while subsection (B) prohibits a defendant in noncapital cases from directly appealing any judgment or sentence entered pursuant to a plea agreement. We today hold that subsection (B) bars a defendant from directly appealing a contested post-judgment restitution order entered pursuant to a plea agreement that contemplated payment of restitution up to a capped amount. Any appellate review must be obtained through post-conviction relief proceedings.

**I.**

¶2       The State charged Frank Hoffman with several offenses stemming from his involvement in a traffic accident that injured another person. Pursuant to a plea agreement, Hoffman pleaded no contest to driving under the influence ("DUI") and, among other things, agreed to pay restitution up to $53,653.45. The Tucson City Court adjudicated Hoffman guilty, imposed a term of probation, and ordered him to pay fines, fees, and restitution in an amount to be determined later, but not to exceed

2

$53,653.45.

**¶3** Approximately three months later, the court held a contested restitution hearing and entered an order requiring Hoffman to pay $40,933.45 in restitution. Hoffman appealed to the superior court, which subsequently dismissed the appeal on the State's motion. Relying on A.R.S. § 13-4033(B) and Rule 17.1(e) of the Arizona Rules of Criminal Procedure, the court ruled that Hoffman waived his right to directly appeal the restitution order by entering into the plea agreement and could challenge the order only through Rule 32 post-conviction relief proceedings. Hoffman sought special action relief from the court of appeals, which declined jurisdiction.

**¶4** We granted review to clarify the scope of § 13-4033(B), a purely legal issue of statewide importance. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.

**¶5** The Arizona Constitution guarantees defendants in criminal prosecutions "the right to appeal in all cases." Ariz. Const. art. 2, § 24. Before 1992, a defendant could directly appeal a judgment or sentence entered pursuant to a plea agreement. A.R.S. § 13-4033 (1989). But the increasing number of these appeals was straining our appellate justice system. Ariz. State S., Fact Sheet for H.B. 2481, 40th Leg., 2d Reg.

3

Sess. (Mar. 19, 1992). Consequently, the legislature amended § 13-4033 and, among other changes, added subsection (B), which provides: "In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation." 1992 Ariz. Sess. Laws 779. The legislature, however, did not change what is now subsection (A)(3), which permits a defendant to appeal from "[a]n order made after judgment affecting the substantial rights of the party." § 13-4033(A)(3).

¶6        After the legislature added subsection (B), this Court amended Rule 17.1(e) to provide that a defendant in a noncapital case who pleads guilty or no contest "waives the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 and, if denied, a petition for review." Order Amending Rule 17.1, Arizona Rules of Criminal Procedure (Apr. 7, 1992). We have since held that a petition for post-conviction relief is "the only constitutionally guaranteed appeal" after a defendant enters into a plea agreement. *State v. Smith*, 184 Ariz. 456, 458, 910 P.2d 1, 3 (1996); *see also State v. Regenold*, 226 Ariz. 378, 379 ¶ 5, 249 P.3d 337, 338 (2011) ("[Rule] 32.1 provides the review process for defendants who plead guilty.").

¶7        Hoffman argues § 13-4033(A)(3) authorizes his appeal

4

from the restitution order as a post-judgment order affecting his substantial rights. The city court entered a "judgment" by adjudicating Hoffman guilty of DUI. *See* Ariz. R. Crim. P. 26.1(a) (defining "judgment" as including a court's adjudication of guilt upon a defendant's plea). Read in isolation, § 13-4033(A)(3) would authorize Hoffman to directly appeal the post-judgment restitution order as it indisputably affected his "substantial rights." But we must "strive to construe a statute and its subsections as a consistent and harmonious whole." *State v. Wagstaff*, 164 Ariz. 485, 491, 794 P.2d 118, 124 (1990). Thus, the issue is whether the restitution order is part of Hoffman's "sentence" and thus not appealable under § 13-4033(B).

¶8        We interpret § 13-4033(B) to effect the legislature's intent, looking first to the language of the provision. *Kent K. v. Bobby M.*, 210 Ariz. 279, 283 ¶ 14, 110 P.3d 1013, 1017 (2005). If the terms are ambiguous, we employ secondary principles of statutory interpretation. *Id*. We review issues of statutory interpretation de novo. *State v. Arellano*, 213 Ariz. 474, 477 ¶ 9, 143 P.3d 1015, 1018 (2006).

¶9        The language of subsection (B) does not reflect whether a restitution order contemplated by a plea agreement but entered after entry of judgment is part of a "sentence," and the legislature has not defined the term in A.R.S. §§ 13-105, -4033, or elsewhere. Several reasons, however, convince us that such

5

an order is part of a "sentence" for purposes of subsection § 13-4033(B).  First, considering a post-judgment restitution order as part of a sentence furthers the legislative goal of eliminating direct appeals involving plea agreements.  A.R.S. § 13-104 (providing statutes "must be construed . . . to . . . effect the objects of the law"); *Yslava v. Hughes Aircraft Co.*, 188 Ariz. 380, 385, 936 P.2d 1274, 1279 (1997) (stating courts should interpret unclear statutes "to conform with general goals expressed in the legislative history").  Before the 1992 amendment to § 13-4033, defendants who entered into plea agreements commonly challenged restitution orders on appeal. *See, e.g.*, *State v. Nosie*, 150 Ariz. 498, 499, 724 P.2d 584, 585 (App. 1986); *State v. O'Connor*, 146 Ariz. 16, 17, 703 P.2d 563, 564 (App. 1985).  Although the legislature was presumably aware of such appeals when it sought to reduce the burden on appellate courts, *cf. Taylor v. Travelers Indem. Co. of Am.*, 198 Ariz. 310, 317 ¶ 21, 9 P.3d 1049, 1056 (2000) (assuming legislature's knowledge of case law and insurance coverage needs), it did not expressly exclude restitution orders from the ambit of § 13-4033(B).

¶10    Second, excluding a post-judgment restitution order entered pursuant to a plea agreement from the reach of § 13-4033(B) would create a hybrid system of appellate review.  Under Hoffman's view of § 13-4033(B), a defendant who pleads guilty

6

could seek appellate review of a contested post-judgment restitution order on direct appeal but would have to pursue review of remaining issues through Rule 32 proceedings. This dual-track review would unnecessarily burden the appellate justice system and could lead to inconsistent results. *State v. Estrada*, 201 Ariz. 247, 250-51 ¶ 16, 34 P.3d 356, 359-60 (2001) (stating court interprets and applies statute "in a way that will avoid an untenable or irrational result"). *Cf. State v. Ovante*, 231 Ariz. 180, 184 ¶ 10, 291 P.3d 974, 978 (2013) (construing Rule 17.1(e) so as to avoid bifurcated appeals in capital cases).

¶11     Third, the legislature mandates restitution when a crime victim has suffered economic loss. A.R.S. § 13-603(C). Because this mandatory provision applies when a defendant enters into a plea agreement, and restitution is typically imposed at the time of sentencing, *State v. Holguin*, 177 Ariz. 589, 591, 870 P.2d 407, 409 (App. 1993), the term "sentence" in § 13-4033(B) is most reasonably construed to include a post-judgment restitution order.

¶12     Hoffman points out that after the 1992 amendment to § 13-4033, appellate courts have continued to assume jurisdiction over direct appeals of post-judgment orders by defendants who had entered plea agreements. But with two exceptions, *see infra* ¶¶ 13-14, none of the cases Hoffman cites

7

concerned a challenge to an order entered as a direct consequence of a plea agreement's terms. *See Regenold*, 226 Ariz. at 380 ¶ 12, 249 P.3d at 339 (reviewing sentence imposed as consequence of a contested probation violation); *State v. Ponsart*, 224 Ariz. 518, 521-22 ¶¶ 2-12, 233 P.3d 631, 634-35 (App. 2010) (same); *State v. Delgarito*, 189 Ariz. 58, 59, 938 P.2d 107, 108 (App. 1997) (involving a challenged order designating an offense as a felony although offense left undesignated at time of guilty plea and disposition). Moreover, since 1992, appellate courts have routinely dismissed appeals of post-judgment orders that challenged plea agreement terms. *See, e.g.*, *Fisher v. Kaufman*, 201 Ariz. 500, 501 ¶¶ 5-6, 38 P.3d 38, 39 (App. 2001) (noting that § 13-4033(B) precludes direct appeal of post-judgment order requiring defendant to continue sex offender registration because registration was contemplated in plea agreement); *State v. Jimenez*, 188 Ariz. 342, 344-45, 935 P.2d 920, 922-23 (App. 1996) (stating that § 13-4033(B) prohibited pleading defendant from directly appealing denial of motion to modify conditions of probation imposed at sentencing).

**¶13** Hoffman cites two cases involving challenges to orders entered as a direct consequence of plea agreements. In *State v. Foy*, 176 Ariz. 166, 167, 859 P.2d 789, 790 (App. 1993), the court of appeals reviewed a post-judgment restitution order entered pursuant to a plea agreement. But because the court

8

assumed jurisdiction without commenting on the impact of § 13-4033(B), that decision is not persuasive with regard to the statute's meaning.

**¶14** In *State v. Unkefer*, the court of appeals addressed the propriety of an order authorizing the state and a victim to record and enforce a restitution order twenty years after the trial court had ordered the defendant to pay the restitution amount pursuant to a plea agreement's terms. 225 Ariz. 430, 432 ¶¶ 3-5, 239 P.3d 749, 751 (App. 2010). In a footnote, without explanation or citation to § 13-4033(B), the court assumed jurisdiction pursuant to § 13-4033(A)(3). *Id.* at 433 ¶ 6 n.4, 239 P.3d at 752 n.4. As with *Foy*, because *Unkefer* did not consider § 13-4033(B), it does not alter our interpretation of that provision. To the extent *Foy* and *Unkefer* conflict with our interpretation of § 13-4033 in circumstances like the one before us, we disapprove those cases.

**¶15** Hoffman additionally argues that because the state may appeal a post-judgment restitution order that affects its substantial rights or those of a victim, *see* A.R.S. § 13-4032(4), it would be absurd to interpret § 13-4033(B) as prohibiting a defendant from appealing the same order. We disagree. Because the state cannot file a Rule 32 petition to obtain appellate review, it is not inconsistent in this context to authorize direct appeal for the state but deny it to

defendants. Both parties are given a single route for appellate review.

**¶16** Hoffman further argues it would be meaningless for § 13-4033(A)(3) to authorize a direct appeal of a contested restitution order entered after judgment only to have § 13-4033(B) eliminate that right. Again, we disagree. Subsection (A)(3) applies generally to all post-judgment orders affecting a defendant's substantial rights; subsection (B) provides an exception when such orders are entered pursuant to plea agreements. *See State v. Baca*, 187 Ariz. 61, 66, 926 P.2d 528, 533 (App. 1996) (holding that § 13-4033(B) "impliedly amended" now-renumbered § 13-4033(A)(3)). In other words, when subsection (B) applies, subsection (A) cannot be invoked to authorize a direct appeal.

**¶17** We reject Hoffman's related contention that the restitution order in this case was not entered "pursuant to a plea agreement" because he contested the amount. Although restitution was not precisely calculated in the plea agreement, Hoffman agreed to pay restitution not to exceed a capped amount and explicitly waived his right to pursue a direct appeal. *See State v. Phillips*, 152 Ariz. 533, 535, 733 P.2d 1116, 1118 (1987) (holding that a defendant thoroughly understands the consequences of an agreement to make restitution when plea agreement caps the amount that may be ordered). Even though

10

Hoffman contested the amount of restitution eventually entered, because this amount did not exceed the cap, it was entered as a direct consequence of the plea agreement, and § 13-4033(B) therefore applied. *Cf. Regenold*, 226 Ariz. at 379 ¶ 8, 249 P.3d at 338 (noting that when a plea agreement states a range of sentences, the pleading defendant receives sentence "pursuant to" the agreement when the sentence is ultimately imposed).

¶18 Finally, Hoffman argues that the grounds for relief under Rule 32.1 might not encompass a challenge to a post-judgment restitution order based on trial error that did not deprive the defendant of constitutional rights. Therefore, he contends, the legislature must have intended to permit direct appeal of such orders pursuant to § 13-4033(A). We reject this argument because its premise is flawed. As the State concedes, Hoffman is entitled to challenge the restitution order through Rule 32 proceedings because he has a constitutional right to appellate review. Ariz. Const. art. 2, § 24; *Smith*, 184 Ariz. at 458, 910 P.2d at 3 (observing that the "constitutional guarantee of appellate review in all cases is effectuated for pleading defendants" through Rule 32). We trust that courts will broadly interpret Rule 32 to preserve the rights of pleading defendants to appellate review.

## III.

¶19 For the foregoing reasons, we hold that A.R.S. § 13-

11

4033(B) bars a defendant from directly appealing a contested post-judgment restitution order entered pursuant to a plea agreement that contemplated payment of restitution and capped the amount. In such situations, a pleading defendant must vindicate the constitutionally guaranteed right of appellate review through Rule 32 post-conviction relief proceedings. We therefore affirm the superior court's order dismissing Hoffman's appeal.

_____
Ann A. Scott Timmer, Justice

CONCURRING:


_____
Rebecca White Berch, Chief Justice


_____
Scott Bales, Vice Chief Justice


_____
A. John Pelander, Justice


_____
Robert M. Brutinel, Justice