NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DEVIN ANDRICH, *Petitioner*.

No. 1 CA-CR 18-0600 PRPC
FILED 1-10-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2014-108114-001
The Honorable Pamela S. Gates, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jeffrey R. Duvendack
*Counsel for Respondent*

Devin Andrich, Phoenix
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Maria Elena Cruz and Judge Randall M. Howe joined.

**J O H N S E N**, Judge:

¶1        Devin Andrich petitions this court for review from the dismissal of his petition for post-conviction relief of-right ("PCR") filed pursuant to Arizona Rule of Criminal Procedure 32.1.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        Andrich pled guilty in 2015 to one count of fraudulent schemes and artifices (Count 1), one count of theft (Count 2) and one count of forgery (Count 3).  As part of the plea agreement, he stipulated to a term of 3.5 years' imprisonment on Count 2 and supervised probation on Counts 1 and 3, to commence upon his release from prison.  Andrich's plea agreement stated, in boldface capital letters, "Defendant Specifically Agrees to the Restitution in the Attached Addendum of this Plea Agreement," and the addendum listed payments totaling $395,624.83 to 16 victims.   In exchange for Andrich's plea, the State agreed to forgo filing nine additional theft charges against him.

¶3        At the change-of-plea hearing, the superior court deferred acceptance of the plea to allow the prosecutor to verify the restitution amounts set forth in the addendum.  At the sentencing hearing held a few months later, the prosecutor provided a revised stipulated addendum, but also notified the court that she anticipated reducing the restitution for victim K.K., adding that defense counsel did not object to "a lesser amount for that victim."

¶4        The superior court then invited defense counsel and Andrich to address the addendum listing the stipulated restitution amounts.  Defense counsel characterized the restitution amounts as "fair," and Andrich stated that the parties had a "hard time" reaching a consensus and asserted that he had "taken the high road" and had "agreed to [the] numbers" to resolve the matter.

¶5        The superior court then sentenced Andrich in accordance with the terms of the plea agreement, ordering Andrich to pay the stipulated restitution.  The court also set a non-witness hearing to address any outstanding restitution issues, and the prosecutor told the court that she would move to vacate that hearing if she did not have any additional changes to the restitution amounts.  Weeks later, the court vacated the hearing at counsel's request.

¶6        Shortly thereafter, Andrich timely commenced Rule 32 proceedings.  Before he filed a petition, however, the State moved to amend the plea agreement by reducing the amount of restitution awarded to K.K. The superior court granted the unopposed motion and reduced Andrich's restitution obligation accordingly.

¶7        In his PCR, Andrich asserted his trial counsel was ineffective by: (1) failing to provide the State with certain documents that challenged the stipulated restitution amounts, (2) "conspiring with the State" to vacate the non-witness restitution hearing, (3) failing to preserve Andrich's case file and destroying all electronic correspondence contained therein, (4) refusing to withdraw as counsel, and (5) failing to preserve Andrich's laptop and server.  In addition, Andrich argued that the prosecutor engaged in misconduct by: (1) "conspiring" with defense counsel to vacate the non-witness restitution hearing, (2) withholding mitigating evidence related to certain restitution claims, (3) assisting K.K. in the commission of bankruptcy fraud, and (4) refusing to investigate the purported theft of Andrich's laptop and hard drives.  Finally, Andrich contended that the superior court erred by failing to timely rule on his post-sentencing motion to terminate counsel.  The court dismissed the PCR and this petition for review followed.

¶8        Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).  It is the petitioner's burden to show that the superior court abused its discretion.  *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

¶9        On review, Andrich argues the superior court abused its discretion by: (1) dismissing his PCR without granting an evidentiary hearing, (2) failing to grant his motion for self-representation before vacating the non-witness restitution hearing, thereby denying him the opportunity to contest the restitution amounts, and (3) failing to correct the restitution amounts owed in accordance with the figures provided by the State Bar Association Client Protection Fund.[1]  In addition, Andrich contends the State engaged in prosecutorial misconduct by: (1) failing to investigate the theft of his laptop and hard drives, which, according to

---

[1]        Contrary to Aldrich's contention, when the superior court dismissed his petition, it found that certain victims had received compensation from the State Bar Association Client Protection Fund and reduced the restitution amounts "owed directly" to those victims "to prevent a windfall."

Andrich, contained copies of his client files and could prove at least some of the restitution claims false, and (2) withholding information that demonstrated he owed substantially less restitution to the victims. Finally, Andrich asserts that: (1) trial counsel was ineffective by failing to secure his client files and contest the stipulated restitution amounts, and (2) post-conviction relief counsel was ineffective by failing to obtain communications between Andrich and trial counsel.

¶10        To support his contention that he was entitled to an evidentiary hearing, Andrich cites *Hoffman v. Chandler ex rel. County of Pima*, 231 Ariz. 362, 366, ¶ 19 (2013), in which the supreme court held that a Rule 32 proceeding is the only vehicle available for challenging a contested restitution order "entered pursuant to a plea agreement that contemplated payment of restitution and capped the amount." However, unlike the contested restitution at issue in *Hoffman*, in this case, Andrich stipulated to the precise restitution amounts ordered, except for the lesser amount ultimately awarded to K.K. As the superior court noted in dismissing Andrich's petition, the stipulated restitution amounts were not subject to revision except to the extent the State moved to reduce the agreed-upon amounts. Therefore, *Hoffman* is inapposite, and Andrich's reliance is misplaced.

¶11        By his own admission, Andrich stipulated to the precise restitution amounts so he could resolve all the pending charges via a plea agreement, *see* Rule 17.4(a)(1) (permitting parties to negotiate and reach agreement "on any aspect of a case"), and, having received the full benefit of that agreement, he cannot now challenge its stipulated terms. *Cf. State v. Hawkins*, 134 Ariz. 403 (App. 1982) (defendant entitled to withdraw plea when sentencing court orders different or larger amount of restitution than he agreed to pay). By entering a guilty plea and stipulating to the precise restitution amounts, Andrich waived "all non-jurisdictional defects and defenses, including claims of ineffective assistance of counsel, except those that relate to the validity of [his] plea." *State v. Leyva*, 241 Ariz. 521, 527, ¶ 18 (App. 2017) (internal quotation omitted).[2]

¶12        Because Andrich does not contest that he had the mental capacity to knowingly, intelligently and voluntarily enter the plea, we do

---

[2]        In any event, beyond conclusory allegations, Andrich fails to show how the various information and documents he asserts his lawyers should have gathered would have disproved or undermined the restitution amounts he agreed to pay.

not consider his various challenges to the factual basis for his plea or the stipulated restitution amounts, whether framed as trial error, prosecutorial misconduct, or ineffective assistance of counsel.[3]  Therefore, Andrich has failed to show that the superior court abused its discretion in denying his PCR.

**¶13**        For these reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3]        To the extent Andrich contends his former counsel, the State or the State Bar engaged in misconduct by failing to protect, investigate or recover his allegedly stolen client files, a Rule 32 proceeding is not the proper vehicle for relief.