NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DEANDRA NICOLE GRIGSBY, *Appellant.*

No. 1 CA-CR 21-0429
FILED 9-29-2022

Appeal from the Superior Court in Maricopa County
No. CR2020-128233-001
The Honorable Frank W. Moskowitz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Rena P. Glitsos
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Vice Chief Judge David B. Gass and Judge Angela K. Paton joined.

---

**M c M U R D I E**, Judge:

**¶1**        Deandra Nicole Grigsby appeals a restitution order resulting from her disorderly conduct conviction and the resulting sentence. Grigsby's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Grigsby was allowed to file a supplemental brief and raised these issues: (1) sufficiency of the evidence to determine the amount of restitution and (2) abuse of discretion by the trial judge for the restitution award amount. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm the restitution order.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        The victim and Grigsby were involved in a volatile romantic relationship. On April 25, 2019, police responded to the victim's home for an unknown trouble call. Upon arrival, the officers contacted the victim and Grigsby. Grigsby was in the victim's home doing laundry when she located a pair of another woman's underwear, and an argument ensued. The argument escalated, and Grigsby struck the victim across the head with a chessboard.

**¶3**        The police completed a report of the incident that did not mention property damage. The victim first raised the property damage issue on July 21, 2019, during a follow-up phone call with an officer. The officer requested and received a damage estimate of the property.

**¶4**        Grigsby was charged with two counts of aggravated assault, Class 4 felonies and domestic violence offenses. Grigsby pled guilty to disorderly conduct, a Class 1 non-dangerous misdemeanor, domestic violence offense. In the plea agreement, Grigsby agreed to pay restitution, and the agreement did not cap the restitution amount.

¶5        The victim originally requested restitution of over $6,600 for medical fees and property damage. Grigsby objected to the items and amount requested. As a result, the court conducted a restitution hearing. Grigsby waived her right to attend, but her lawyer appeared on her behalf. The victim testified and provided quotes and documentary evidence for the amount requested. The court awarded just over $4,500 in restitution.

¶6        Grigsby appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(3). *But see Hoffman v. Chandler ex rel. County of Pima*, 231 Ariz. 362, 362–63, 366, ¶¶ 1, 19 (2013) (no jurisdiction under A.R.S. § 12-2101(A)(3) if the defendant contests a "post-judgment restitution order entered pursuant to a plea agreement that contemplated payment of restitution *and capped the amount*") (emphasis added).

## DISCUSSION

¶7        We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

¶8        Grigsby argues the evidence presented at the hearing was insufficient, and the court abused its discretion in determining the amount. But viewing the facts and all reasonable inferences in the light most favorable to upholding the trial court's restitution order, *State v. Lewis*, 222 Ariz. 321, 323, ¶ 2 (2009), the trial court did not abuse its discretion by awarding the restitution amount.

¶9        Grigsby was represented by counsel and was present at, or waived her right to be present at, all stages of the proceedings against her. The record reflects the superior court afforded Grigsby all her constitutional and statutory rights and conducted the proceedings following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at the restitution hearing and summarized above was sufficient to support the restitution award.

**CONCLUSION**

¶10      The restitution order entered against Grigsby is affirmed. After the filing of this decision, defense counsel's obligations pertaining to Grigsby's representation in this appeal will end after informing Grigsby of the outcome of this appeal and her future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

