# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Nov 08 2012, 9:46 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEROME MICHAEL BURTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1201-CR-6 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-1104-FC-00052

November 8, 2012

**OPINION - FOR PUBLICATION**

**SHARPNACK, Senior Judge**

STATEMENT OF THE CASE

In this interlocutory appeal, Jerome Michael Burton challenges the trial court's denial of his motion to dismiss the charge of failure to register as a sex offender.

We reverse and remand.

ISSUE

The issue is whether it is a violation of the ex post facto provision of the Indiana Constitution to require Burton to register under the Indiana Sex Offender Registration Act ("SORA") as one who is required to register in another state, Illinois, when the statutes requiring him to register in Illinois and in Indiana were enacted after he had been convicted of the qualifying offense in Illinois.

FACTS AND PROCEDURAL HISTORY

In 1987, Burton was convicted in Illinois of aggravated criminal sexual assault and sentenced to six years. At that time in Illinois, Burton was under no requirement to register. In 1996, Illinois amended its SORA to require persons who had committed crimes such as Burton's to register for a period of ten years. Thereafter, he was convicted in Illinois in 2003 and in 2007 for sex offender registration violations. Burton then moved to Indiana and, in 2009, was convicted in Indiana of failure to register as a sex or violent offender and was sentenced to one year pursuant to our SORA. *See* Ind. Code §§ 11-8-8-1 to -22. The version of our SORA under which Burton is required to register first became effective in 2006. *See* Ind. Code §§ 11-8-8-5(b)(1) (stating that the term "sex offender" includes a person who is required to register as a sex offender in any

2

jurisdiction), -7(1) (stating that a sex offender who resides in Indiana must register). Following his release, Burton registered as a sex offender from June through October 2009; however, he failed thereafter to register. In April 2011, he was charged with two Class C felony counts of failure to register pursuant to Indiana Code section 11-8-8-17 (2007). Burton filed a motion to dismiss these charges on the ground that the requirement that he register violates the ex post facto provision of the Indiana Constitution. The trial court, following a hearing, denied Burton's motion, and the case comes to us on interlocutory appeal of that denial.

## DISCUSSION AND DECISION

Burton contends that, as applied to him, our SORA constitutes retroactive punishment forbidden by the ex post facto prohibition contained in the Indiana Constitution because he committed his crime in Illinois before any registration was required by either Illinois or Indiana.

When the constitutionality of a statute is challenged, we begin with the presumption that the statute is constitutional. *Brown v. State*, 868 N.E.2d 464, 467 (Ind. 2007). The party challenging the statute labors under the heavy burden of proving otherwise. *Id.* All reasonable doubt must be resolved in favor of the statute's constitutionality. *State v. Lombardo*, 738 N.E.2d 653, 655 (Ind. 2000).

The Indiana Constitution provides that "[n]o ex post facto law . . . shall ever be passed." Ind. Const. art. I, § 24. Among other things, the ex post facto prohibition forbids the state to enact any law which imposes a punishment for an act which was not

3

punishable at the time it was committed or imposes punishment additional to that which was already imposed. *State v. Pollard*, 908 N.E.2d 1145, 1148-49 (Ind. 2009). The underlying purpose of the ex post facto clause is to give effect to the fundamental principle that persons have a right to fair warning of the type of conduct that will give rise to criminal penalties. *Id.* at 1149.

In *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009), our Supreme Court held unanimously that mandatory sex offender registration is punitive and that application of Indiana's SORA to an offender who had committed his offense prior to the enactment of our SORA violated the ex post facto prohibition of the Indiana Constitution.

*Jensen v. State*, 905 N.E.2d 384 (Ind. 2009), was handed down the same day as *Wallace*. At the time Jensen pleaded guilty there was in place an Indiana SORA requirement that he register for a period of ten years. Six years later, our SORA was amended in several respects, including a provision that a person who committed one of the offenses to which Jensen had pleaded guilty was required to register for life. The legislation contained no provision preventing application of our SORA to crimes committed prior to its effective date. The trial court ruled that Jensen was required to register for life. Our Supreme Court was sharply divided on the merits but affirmed the trial court. Two justices found that the additional requirement to register for life did not impose any greater burden or have any greater adverse effect on Jensen and, thus, the requirement did not violate our state's ex post facto prohibition as applied to him. *Id.* at 394. One justice concurred in result on the basis that because the original period of ten

4

years had not yet expired, the claim of unconstitutionality of the lifetime registration requirement was not ripe for adjudication. *Id.* at 396. The remaining two justices found that the controversy was ripe and the enhanced requirement to register for life was an additional punishment that violated our state's ex post facto prohibition as applied to Jensen, whose crimes were committed before our SORA was amended to require the lifetime registration extension. *Id.* at 396-99.

Here, the State seeks to enforce our SORA's requirement to register on Burton because he is required to register in Illinois. Burton relies on *Wallace* and argues that it would violate the ex post facto provision of our state constitution to compel him to register under Indiana's SORA when there was no statute in Illinois or Indiana requiring registration when he committed his offense.

In response, the State argues as follows:

1.) this case is more like *Jensen* than *Wallace* because Burton was already under a requirement to register in Illinois and the requirement to register in Indiana imposes no additional burden on him;

2.) it is Burton's 2007 conviction in Illinois for the sex offender registration violation rather than his original sex offense conviction that is the predicate for his requirement to register in Illinois, and that conviction came after both states had registration requirements applicable to Burton;

3.) the application of the Illinois registration statute to Burton is not an ex post facto violation under the Illinois Constitution and, under principles of Full Faith and

5

Credit and comity, Indiana should accept Burton's requirement to register in Illinois as a predicate to apply our SORA to him and compel him to register; and

4.) public policy considerations dictate that we not make Indiana a "haven" for offenders similarly situated as Burton.

We address each of the State's arguments in turn. First, the State argues that this case is more like *Jensen* than *Wallace* because Burton was already under an obligation to register in Illinois when he came to Indiana and the requirement to register in Indiana thus imposes no additional burden on him. There is, however, a significant difference in this case from *Jensen*. In *Jensen*, there was in effect at the time of his offense a requirement to register. Thus, the initial requirement did not violate the ex post facto prohibition under our constitution. Here, the initial requirement to register was an ex post facto violation under our constitution. That difference brings this case under *Wallace*, not *Jensen*.[1]

We conclude that the analysis and holding in *Wallace* apply to this case. We are deciding whether the ex post facto provision of the Indiana Constitution prevents the application of Indiana's SORA to require Burton, a resident of Indiana, to register as a

---

[1] The State also cites *Herron v. State*, 918 N.E.2d 682 (Ind. Ct. App. 2009). Herron had been convicted of sexual offenses in Arizona in 1984. Pursuant to a 1983 Arizona statute, Herron was required to register as a sex offender for his lifetime. He subsequently moved to Indiana, and the county sheriff contacted him requesting that he register as a sex offender. He filed a petition with the trial court alleging that he was not required to register as a sex offender in Indiana, which the trial court denied. On appeal, this Court did not address Herron's claim of an ex post facto violation due to his waiver of the issue, but noted, in dicta, that imposing upon Herron a lifetime obligation to register in Indiana did not violate the ex post facto clause of our state constitution because he was already required by Arizona to register at the time he committed the offense. The dicta did not include any discussion of any significance of the fact that Herron's conviction was prior to the enactment of our registration statute.

6

sex offender on the ground that he is required to register in Illinois as a consequence of having been convicted in Illinois of a sex offense prior to the enactment of both the statutes of Illinois and Indiana that required registration. Had the qualifying offense and the enactment of the registration requirement occurred in Indiana, *Wallace* would dictate dismissal of the charges. We hold that Burton has the protection of our constitution as to the application of our SORA, without regard to the fact that he was convicted of the qualifying sex offense in Illinois. It is for us, not Illinois, to determine who is required to register under our SORA.

The State also contends that Burton's obligation to register as a sex offender under our SORA does not violate our state's ex post facto prohibition because it stems purely from his 2007 Illinois conviction of failure to register. Although Illinois had not enacted its sex offender registration act at the time of Burton's crime, by 1996 it had amended its act to require Burton to register for a period of ten years. *See* 730 ILCS 150/7 (West 1996). He was then convicted in 2003 and 2007 in Illinois for failure to register, and, pursuant to Illinois law, the ten year registration period started over after each violation and began running from the first date of registration after the last violation. *See id.* Thus, upon moving to Indiana, Burton was still subject to registration requirements in Illinois.[2]

---

[2] The requirement to register by reason of a sex offense committed before the enactment of a sex offender registration statute does not violate the Ex Post Facto Clause of the United States Constitution or the ex post facto prohibition contained in the Illinois Constitution. *See Smith v. Doe*, 538 U.S. 84, 105-06, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003) (concluding that the registration requirement could be applied retroactively without violating the Ex Post Facto Clause of the U.S. Constitution); *People v. Cornelius*, 821 N.E.2d 288, 306-07 (Ill. 2004) (stating that Illinois ex post facto clause provides no greater protection

7

In support of its argument that Burton's registration requirement in Indiana stems from his 2007 Illinois conviction of failure to register, the State cites Indiana Code section 11-8-8-5(b)(1) (2006), which stated that the term "sex offender" includes a person who is required to register as a sex offender in any jurisdiction. Thus, the State concludes that, pursuant to this statute, at the time Burton moved to Indiana some time after his 2007 Illinois conviction he was considered a sex offender in Indiana because he was required to register in another jurisdiction (i.e., Illinois). The lynchpin of the State's argument is that these Indiana statutes were enacted in 2006, prior to Burton's 2007 Illinois conviction of failure to register, thereby negating any ex post facto argument.

We cannot agree. Burton's current registration requirement in Illinois is an extension of the registration requirement imposed upon him in 1996 by virtue of his 1987 conviction. The State's argument gives no force to the fundamental fact that, but for his 1987 conviction, Burton would not be subject to any requirement to register. Of importance in determining whether our SORA violates our constitution's prohibition on ex post facto laws is the date of the commission of the crime in relation to the passage of our SORA. *See Wallace*, 905 N.E.2d at 384 (holding that SORA violates ex post facto clause of Indiana Constitution where defendant committed his offense before SORA was enacted). Thus, it is the date of the commission of the crime and the law in place at that time that is relevant to the ex post facto analysis. *See, e.g.*, *Pollard*, 908 N.E.2d at 1148-49 (noting that ex post facto prohibition forbids enactment of any law which imposes

than that offered by United States Constitution and holding that Illinois registration requirement did not violate ex post facto provision of the Illinois Constitution).

8

punishment for act which was not punishable at time it was committed, or imposes additional punishment) (quoting *Weaver v. Graham*, 450 U.S. 24, 28, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981)).

The State also claims that it would be a violation of the Full Faith and Credit Clause of the U.S. Constitution if we are "permitted to second-guess Illinois's valid determination that [Burton] must register as a sex offender." Appellee's Br. p. 15. The Full Faith and Credit Clause provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. The Full Faith and Credit Clause is not implicated here. The requirement by Illinois under its law that Burton register as a sex offender in Illinois is no more than that; it is not a requirement to register anywhere else. Nor is it a judgment for money obtained in one state and presented as a claim in another state as in *Morris v. Jones*, 329 U.S. 545, 551, 67 S. Ct. 451, 91 L. Ed. 488 (1947), the case cited by the State in support of its argument. Rather, our issue is whether to require Burton to register in Indiana under Indiana law. Our decision has no effect on the enforcement of the Illinois requirement. The fact that Burton's crime was committed in Illinois does not deprive him of the protection of Indiana's constitution while he is in Indiana.

Finally, the State argues that public policy should lead us to require registration by Burton, because if we do not, Indiana will become a "haven" for offenders like Burton. Any haven would be only for those who, under our constitution, could not be compelled to register in violation of our state's prohibition of ex post facto laws. The State does not,

9

and we cannot, quantify the number of such potential relocators to Indiana. Whatever the number, it will lessen as time passes. Indiana's SORA was enacted in 1994, and other states have registration laws that were enacted earlier. We are dealing only with those offenders who committed crimes in states which had no registration requirements at the time of the offenses. The concern of the State does not outweigh the value of enforcing our constitution in the application of our registration statute.

CONCLUSION

For the reasons stated, we reverse the trial court and remand with instructions to grant Burton's motion to dismiss.

Reversed and remanded with instructions.

MAY, J., and BARNES, J., concur.