Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MICHAEL T. PAILLE, ) | |
| ) | |
| Appellant/Defendant, ) | |
| ) | |
| vs. ) | No. 18A05-1404-CR-152 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee/Plaintiff. ) | |

INTERLOCUTORY APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Linda Ralu Wolf, Judge
Cause No. 18C03-1308-FD-139

**September 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

In 2011, Appellant/Defendant Paille moved to Indiana, and by doing so became subject to Indiana's sex offender registration requirement by virtue of his presence on the Florida sex offender registry. In 2013, Appellee/Plaintiff the State of Indiana ("the State") charged Paille with Class D felony failure to register as a sex offender and Class A misdemeanor failure of a sex offender to possess identification. Paille filed motions for removal from the sex offender registry and to dismiss the charges on the basis that he was being subjected to unconstitutional, retroactive application of the statutes in question, which motions the trial court denied. The trial court certified the matter for interlocutory appeal, and this court accepted jurisdiction. Because we agree that the relevant statutes are unconstitutional as applied to Paille, we reverse and remand with instructions.

**FACTS AND PROCEDURAL HISTORY**

In 1991, Paille moved to Delaware County, Indiana from Florida. In 1993, for acts committed in 1986, Paille was convicted in Florida of two counts of sexual battery on a child and was sentenced to one year of incarceration and fifteen years of probation. At some point, Paille returned to Delaware County. In 2009, due to criminal convictions in Indiana, Paille was extradited to Florida for violating the terms of his Florida probation and was incarcerated for approximately sixteen months. Upon Paille's release in 2011, he was required to register in Florida as a sex offender for at least twenty-five years. Paille again returned to Delaware County but did not register as a sex offender in Indiana.

On August 16, 2013, the State charged Paille with Class D felony failure to register as a sex offender and Class A misdemeanor failure of a sex offender to possess

2

identification. On November 21, 2013, Paille moved to dismiss all charges and filed a petition for relief from retroactive application of statutes and removal from the sex offender registry. On March 10, 2014, the trial court denied Paille's motion to dismiss and his petition for removal. On March 11, 2014, the trial court granted Paille's motion to certify the matter for interlocutory appeal and stayed the proceedings pending appeal and this court subsequently accepted jurisdiction.

## DISCUSSION AND DECISION

Paille contends that application of Indiana's Sex Offender Registry Act ("INSORA") is unconstitutional as applied to him. INSORA created Indiana's sex offender registry and requires registration by "[a] sex or violent offender who resides in Indiana." Ind. Code § 11-8-8-7. A "sex offender," as defined by INSORA, includes, "a person who is required to register as a sex offender in any jurisdiction[.]" Ind. Code § 11-8-8-4.5(b)(1). There is no dispute that Paille is required to register as a sex offender in Florida, so he is, at least, nominally required to register in Indiana. Paille argues, however, that because he committed the underlying crimes before the enactment of INSORA, requiring him to register in Indiana would violate our constitutional ban on ex post facto laws.

> When the constitutionality of a statute is challenged, we begin with the presumption that the statute is constitutional. *Brown v. State*, 868 N.E.2d 464, 467 (Ind. 2007). The party challenging the statute labors under the heavy burden of proving otherwise. *Id*. All reasonable doubt must be resolved in favor of the statute's constitutionality. *State v. Lombardo*, 738 N.E.2d 653, 655 (Ind. 2000).
>
> The Indiana Constitution provides that "[n]o ex post facto law … shall ever be passed." Ind. Const. art. I, § 24. Among other things, the ex post facto prohibition forbids the state to enact any law which imposes a

3

> punishment for an act which was not punishable at the time it was committed or imposes punishment additional to that which was already imposed. *State v. Pollard*, 908 N.E.2d 1145, 1148-49 (Ind. 2009). The underlying purpose of the ex post facto clause is to give effect to the fundamental principle that persons have a right to fair warning of the type of conduct that will give rise to criminal penalties. *Id*. at 1149.

*Burton v. State*, 977 N.E.2d 1004, 1007 (Ind. Ct. App. 2012), *trans. denied*.

In *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009), the Indiana Supreme Court held that the application of INSORA to persons whose crimes were committed before INSORA's 1994 enactment was unconstitutional as an ex post facto law. *See id*. at 374-75. The *Wallace* court concluded that "as applied to Wallace, the Act violates the prohibition on ex post facto laws contained in the Indiana Constitution because it imposes burdens that have the effect of adding punishment beyond that which could have been imposed when his crime was committed." *Id*. at 384. Here, just as in *Wallace*, the State is seeking to impose punishment on Paille beyond which it could have imposed when he committed his crimes. Because there is no meaningful distinction between the facts in *Wallace* and those in the instant case, the result is the same, and we conclude that as applied to Paille, INSORA violates our prohibition on ex post facto laws.

The State argues that the event triggering Paille's requirement to register as a sex offender in Indiana was not when he committed the underlying crimes, but when he returned to Indiana in 2011 after being required to register as a sex offender in Florida. The holding in *Wallace* does not permit us to carve out such an exception, even if we were so inclined. Pursuant to *Wallace*, Paille committed his crimes before INSORA was enacted, and that is the end of our inquiry. Indeed, this court recently rejected this very

4

argument in *Burton*, where the State argued that the defendant's requirement to register in Illinois subjected him to INSORA's requirement to register in Indiana, despite being convicted of his crime in 1987. *Burton*, 977 N.E.2d at 1009. The *Burton* court concluded, and we agree, that "[o]f importance in determining whether [IN]SORA violates our constitution's prohibition on ex post facto laws is the date of the commission of the crime in relation to the passage of [IN]SORA." *Id.*

In summary, we conclude that application of INSORA to Paille would be a violation of Indiana's prohibition on ex post facto laws. We therefore reverse and remand with instructions to vacate the criminal charges against Paille and to grant his motion for removal from the sex offender registry.

The judgment of the trial court is reversed, and we remand with instructions.

BARNES, J., and BROWN, J., concur.