Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 16 2014, 9:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**PAUL J. PODLEJSKI**
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA and INDIANA DEPARTMENT OF CORRECTION, | ) ) ) | |
| Appellants | ) ) | |
| vs. | ) ) | No. 48A04-1401-MI-29 |
| RAY MILES, | ) ) | |
| Appellee. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C01-1307-MI-363

**December 16, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

The State appeals the Madison Circuit Court's order determining that Ray Miles ("Miles") is not required to register as a sex offender for his lifetime.

We affirm.

**Facts and Procedural History**

On February 14, 2002, Miles was convicted in a Georgia Court of misdemeanor sexual battery for an offense that was committed on April 23, 2001.[1] The victim of the offense was twelve years of age or younger. Miles was ordered to serve ten months executed and the remainder of his two-year sentence was suspended. Miles had already completed his sentence on the date he was sentenced, and he was released by the court. Under Georgia's sex offender registration law, Miles was required to register as a sex offender for a period of ten years.

In 2003, Miles moved to the state of Washington and registered as a sex offender. In 2011, Miles moved to Madison County, Indiana and continued to register as a sex offender.

On July 25, 2013, pursuant to Indiana Code section 11-8-8-22, Miles petitioned the Madison Circuit Court for a determination that he was no longer required to register as a sex offender. Miles argued that the requirement that he register for his lifetime pursuant to an amendment to the sex offender registry law violated the Indiana Constitutional prohibition against ex post facto laws.

---

[1] The date of Miles's offense was not included in the Record on Appeal. On November 12, 2014, we remanded this case to the trial court and directed the trial court to hold a hearing to determine the date Miles committed sexual battery in Georgia. A hearing was held on November 25, 2014, and on that same date, the trial court issued an order finding that Miles committed the offense at issue on April 23, 2001.

A hearing was held on Miles's petition on October 21, 2013. Miles testified that in 2012 the Sheriff's Office informed Miles that the Sheriff did not believe that Miles's continued registration was required. Tr. p. 7. The State did not raise any specific objection to Miles's petition.

On December 26, 2013, the trial court granted Miles's petition and determined that he is no longer required to register as a sex offender. Therefore, the court ordered Miles's name and information removed from the Indiana Sex and Violent Offender Registry. The State now appeals.

**Discussion and Decision**

Indiana's Sex Offender Registration Act was enacted in 1994, and our General Assembly has amended the Act in numerous legislative sessions in the ensuing twenty years. After the 1995 amendment to the Act, a sex offender's duty to register generally terminated ten years after he was released from prison, placed on parole, or placed on probation, whichever occurred last.[2] See Ind. Code § 5-2-12-13 (repealed by P.L. 140-2006, Sec. 41 and recodified under Ind. Code § 11-8-8-19).

In 2001, the General Assembly amended Indiana Code section 5-2-12-13, effective July 1, 2001. Pertinent to this appeal, the statute was amended to require a sex and violent offender "convicted of at least one (1) sex and violent offense that the sex and violent offender committed: (1) when the person was at least eighteen (18) years of age;

---

[2] Offenders classified as sexually violent predators were required to register for an indefinite period. See Ind. Code § 5-2-12-13.

3

and (2) against a victim who was less than twelve (12) years of age at the time of the crime" to register for life.[3]  I.C. § 5-2-12-13(c).

The State argues that Miles should be required to register for life because he was at least eighteen when he committed sexual battery and the victim was under the age of 12.[4]  See I.C. § 5-12-12-13(c) (currently codified at Ind. Code § 11-8-8-19(c)); Ind. Code § 5-2-12-4 (repealed by P.L. 140-2006, Sec. 13 and currently codified at Ind. Code § 11-8-8-5) (listing sexual battery as a sex and violent offense).  Miles argues that requiring him to register for life violates the prohibition against ex post facto laws.

Article 1, Section 24 of the Indiana Constitution prohibits ex post facto laws, which impose punishment for an act that was not punishable at the time it was committed or which assign additional punishment to an act already punished.  Flanders v. State, 955 N .E.2d 732, 748 (Ind. Ct. App. 2011).  "The policy underlying the Ex Post Facto Clause is to give effect to the fundamental principle that 'persons have a right to fair warning of that conduct which will give rise to criminal penalties.'"  Gonzalez v. State, 980 N.E.2d 312, 316 (Ind. 2013) (citations omitted).

---

[3] In 2006, the General Assembly recodified and moved the Act to Indiana Code chapter 11-8-8.  Gonzalez v. State, 980 N.E.2d 312 (Ind. 2013), mistakenly states that the 2001 amendment to 5-2-12-13 occurred in 2006.  But the error has no effect on the Gonzalez analysis because the offender in that case pleaded guilty to child solicitation in 1997.

[4] The State also argues that "Miles's requirement to register for life is not a retroactive punishment, but is instead a prospective requirement that he be subject to Indiana's civil regulatory scheme that was only triggered by his voluntary decision to reside in Indiana."  Appellant's Br. at 8.  We have previously rejected this argument and have held that residents of Indiana convicted of sex offenses in other states are entitled to the protections afforded by the Indiana Constitution.  See Hough v. State, 978 N.E.2d 505, 510 (Ind. Ct. App. 2012), trans. denied; Burton v. State, 977 N.E.2d 1004, 1009-10 (Ind. Ct. App. 2012), trans. denied.

4

When we evaluate an ex post facto claim under the Indiana Constitution, our courts apply the "intent-effects" test. Wallace v. State, 905 N.E.2d 371, 378 (Ind. 2009). First, we examine "what type of scheme" the General Assembly intended the Act to establish. Id. Our supreme court has held that "in passing the Act 'the legislature's intent was to create a civil, non-punitive, regulatory scheme.'" State v. Pollard, 908 N.E.2d 1145, 1150 (Ind. 2009); see also Wallace, 905 N.E.2d at 379. We must therefore consider whether the effects of the Act, as applied to Miles, "are so punitive in nature as to constitute a criminal penalty." See Gonzalez, 980 N.E.2d at 317 (citing Wallace, 905 N.E.2d at 378).

To consider the punitive effects of the Act, we apply the following seven-factor test: (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as punishment; (3) whether it comes into play only on a finding of scienter; (4) whether it promotes the traditional aims of punishment— retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether it has a rational alternative purpose; and (7) whether it is excessive in relation to the alternative purpose. Jensen v. State, 905 N.E.2d 384, 391 (Ind. 2009). No one factor is outcome determinative, and "our task is not simply to count the factors on each side, but to weigh them." See Wallace, 905 N.E.2d at 379.

In factually analogous cases, our supreme court has concluded that the first three factors weigh in favor of treating the effects of the Act as punitive. See Gonzalez, 980 N.E.2d at 317-18; Lemmon v. Harris, 949 N.E.2d 803, 811 (Ind. 2011); Wallace, 905 N.E.2d at 381. First, the Act "imposes significant affirmative obligations and a severe

5

stigma on those to whom it applies[,]" and extending Miles's "intrusive registration obligations to a lifetime requirement is an additional affirmative restraint which weighs in favor of treating the effects of the Act as punitive." See Gonzalez, 980 N.E.2d at 317. Second, the "dissemination and widespread availability of offenders' personal information" resembles the "historical punishment of 'shaming'"; therefore, extending the registration requirement to the offender's lifetime "has the effect of increasing shame on the defendant, which weighs in favor of punitive treatment." See id. at 317-18. Third, Miles's conviction for sexual battery requires a showing of mens rea and is a prerequisite for registration, which weighs in favor of treating the effects of the Act as punitive. See id. at 318.

The fourth, fifth, and six factors generally weigh in favor of treating the effects of the Act as non-punitive because Miles's conviction for sexual battery required registration both before and after the 2001 amendment to the Act. See id. at 318-19; Harris, 949 N.E.2d at 812; Jenson v. State, 905 N.E.2d 384, 393 (Ind. 2009). Concerning the fourth factor, our supreme court has observed that "[a]lthough lifetime registration required by the Act has a likely deterrent effect and promotes community condemnation of offenders, it also serves a valid regulatory function by providing the public with information related to community safety." Gonzalez, 980 N.E.2d at 318. Also, because Miles's offense was already a registration-triggering offense on the date it was committed, the behavior to which the Act applies is already a crime; therefore, the fifth factor weighs "in favor of treating the enhanced registration period as non-punitive as applied." See id. Finally, our supreme court has consistently held that the Act "advances the legitimate

6

regulatory purpose of protecting the public from repeat sexual crime offenders," and therefore, the sixth factor weighs in favor of treating the Act as non-punitive. See id. at 319.

Consideration of the seventh factor, i.e. whether the Act "appears excessive in relation to the alternative purpose assigned," hinges on whether a registered sex offender "can petition the court for relief from the obligation of continued registration and disclosure." See id. In Gonzalez, our supreme court found that the seventh factor had a punitive effect because the defendant had "no available channel through which he may petition the trial court for review of his future dangerousness or complete rehabilitation." See id. at 320; see also Wallace, 905 N.E.2d at 384 (stating it is significant that "the Act provides no mechanism by which a registered sex offender can petition the court for relief from the obligation of continued registration and disclosure"). In Jensen, our supreme court reached the opposite conclusion because Jensen was classified as a sexually violent predator, and therefore, by statute, he could petition to the court after ten years for reconsideration of his status as a sexually violent predator. 905 N.E.2d at 394; see also Harris, 949 N.E.2d at 812-13 (finding seventh factor non-punitive due to availability of individualized review of SVP status under Indiana Code section 35-38-1-7.5(g)).

The Gonzalez court summarized its evaluation of the seventh Mendoza-Martinez factor by advising our courts to "consider whether the retroactive application appears

excessive *in relation to the alternative purpose assigned.*[5]  980 N.E.2d at 320 (emphasis in original).

> The alternative purpose is protection of the public from repeat sexual crime offenders. The degree to which a prior offender has been rehabilitated and does not present a risk to the public is thus integral to our evaluation of whether an extension of the ten-year registration requirement is reasonable in relation to such public protection. The availability of meaningful review of an offender's future dangerousness is therefore germane to the determination of whether a statute's effects are excessive.

Id.

Here, Miles is not classified as a sexually violent predator as defined in Indiana Code section 35-38-1-7.5.  And he may not "predicate his request for relief on the grounds that he has been rehabilitated and presents no risk to the public."  See Gonzalez, 980 N.E.2d at 321.  Therefore, we conclude that "the retroactive imposition of a lifetime registration requirement appears excessive in relation to the purpose of protecting the public from repeat sexual crime offenders[,]" and therefore, the seventh factor weighs in favor of treating the lifetime registration requirement as punitive.  See id.

Miles's April 23, 2001 commission of sexual battery, and his ensuing conviction, required him to register as a sex offender for ten years, which he completed.  After

---

[5] In Gonzalez, our supreme court also observed:

> Under the procedures contained in Indiana Code Section 11-8-8-22, the sole avenue of relief available to a non-SVP defendant, a trial court may, if it chooses, summarily dismiss an offender's petition without ever setting a hearing. Ind. Code § 11-8-8-22(e)(l). Further, Indiana Code Section 11-8-8-22 may be utilized only when there is an ameliorative change in federal or state law applicable to an offender's prior conduct, Ind. Code § 11-8-8-22(b), (g), or when an offender files an ex post facto claim, Ind. Code § 11-8-8-22(j). Neither of these avenues of relief relates to an offender's future dangerousness in relation to the alternative purpose assigned, protection of the public.

Gonzalez, 980 N.E.2d at 320-21.

applying the seven Mendoza-Martinez factors to the circumstances in this case, we conclude that application of the July 1, 2001 amendment to the Act, which would subject Miles to a lifetime registration requirement, violates the Ex Post Facto Clause of the Indiana Constitution. See Gonzalez, 980 N.E.2d at 321 (weighing the punitive and non-punitive nature of the seven factors and holding that "to apply the 200[1] amendments so as to subject this defendant to a lifetime registration requirement violates the Ex Post Facto Clause of the Indiana Constitution").

For all of these reasons, we conclude that the trial court properly determined that Miles is no longer required to register as a sex offender.

Affirmed.

RILEY, J., and CRONE, J., concur.

9