BARNES, Judge,
dissenting.
[37] I respectfully dissent. I do not believe that requiring Ammons to register *1088 as a sex offender is consistent with the Indiana Constitution’s Ex Post Facto Clause as interpreted by our supreme court in Wallace v. State, 905 N.E.2d 371 (Ind.2009). As such, I conclude that the trial court should have granted Ammons’s petition to be removed from Indiana’s sex offender registry.
[38] Although the majority proceeds to analyze Ammons’s registration requirement under the full seven-part “intent-effects” test for Ex Post Facto claims, I do not believe it is necessary to do so, nor did either of the parties do so in their briefs. Ammons’s 2011 Iowa conviction for failing to register as a sex offender was based upon his 1988 Indiana conviction for child molesting. Putting aside the question of the effect of the Iowa conviction for the moment, Ammons’s 1988 conviction, six years before enactment of Indiana’s sex offender registry, places him on all fours with Wallace’s holding. No further analysis in that regard is required, I believe. The majority cites in part Indiana Code Section 35-38~l-7.5(g)’s provision for petitioning for removal of a sexually violent predator determination as distinguishing this case from Wallace. However, this statutory provision was already in effect in 2009 and noted by the Wallace court, and it did not alter its analysis and conclusion that requiring a defendant to be placed on the sex offender registry for a crime committed prior to the registry’s creation violates the Indiana Constitution’s Ex Post Facto Clause. See Wallace, 905 N.E.2d at 384 n. 14. I would also note that although the majority cites the addition of Indiana Code Section 11-8-8-22 and its procedures for removal from the sex offender registry, that statute was enacted for the purpose of addressing Ex Post Facto claims such as Ammons’s and is not an independent basis for removal from the registry. See Gonzalez v. State, 980 N.E.2d 312, 320 (Ind.2013).
[39] Additionally, I disagree with the majority that this case is like Jensen v. State, 905 N.E.2d 384 (Ind.2009). In that case, the court held that there was no Ex Post Facto violation with respect to a defendant who committed a crime requiring registration after the registration’s enactment, but the legislature subsequently amended the registration requirements to make them more onerous. Jensen, 905 N.E.2d at 394. Here, however, Ammons committed his crime before there was any registration requirement, which puts him squarely within Wallace and not Jensen.
[40] The wrinkle in this case, of course, is that Ammons was convicted of failing to register as a sex offender in Iowa after the Indiana registry was created and before he moved back to Indiana — which conviction ordinarily would require registration in Indiana. But that Iowa conviction “piggybacked” upon Ammons’s pre-registry offense in Indiana. The majority seems to agree with Ammons — as do I — that for purposes of an Ex Post Facto analysis, the relevant date here is 1988 — the year of Ammons’s original Indiana conviction— and not 2013, when he moved back to Indiana. The majority also cites Burton v. State, 977 N.E.2d 1004 (Ind.Ct.App.2012), trans. denied. In that case, the defendant committed a sex crime in Illinois in 1987, before there was a sex offender registry in either Illinois or Indiana. Later, the defendant was twice convicted in Illinois of failing to register as a sex offender; unlike in Indiana, Illinois law does not bar retroactive sex offender registry requirements. The defendant then moved to Indiana and was charged with failing to register as a sex offender, based upon his Illinois convictions for failing to register.
[41] On appeal, this court held that the defendant while living in Indiana was entitled to the protections of the Indiana Constitution and, thus, under Wallace he could *1089 not be required to register as a sex offender in Indiana, even if he could be forced to do so in Illinois. Burton, 977 N.E.2d at 1009. We also noted that, despite the defendant’s Illinois conviction for failing to register as a sex offender that was entered after creation of Indiana’s sex offender registry, the relevant date for purposes of Wallace was that of the original conviction that led to the registry requirement, which occurred prior to the Indiana registry’s creation. Id. Although the State asks us to reconsider Burton, I voted to concur in that case, and I adhere to that vote. I also believe it is virtually indistinguishable from the present case. That is, despite the 2011 Iowa conviction for failing to register as a sex offender, that conviction stems from Ammons’s pre-registry Indiana conviction for child molesting. And, so long as Ammons lives in Indiana, he is entitled to the protections of Indiana’s Constitution as interpreted by Wallace.
[42] Applying Burton and Wallace, I believe requiring Ammons to register as a sex offender in Indiana violates the Indiana Constitution. I vote to reverse the denial of Ammons’s petition to be removed from the Indiana sex offender registry.