

**FILED**

Dec 11 2015, 8:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Amy D. Griner
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rex S. Lovett, | December 11, 2015 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 20A04-1506-MI-591 |
| v. | Appeal from the Elkhart Superior Court |
| | The Honorable Teresa L. Cataldo, Judge |
| State of Indiana, | Trial Court Cause No. 20D03-1502-MI-41 |
| *Appellee-Respondent* | |

**Bailey, Judge.**

# Case Summary

Rex Lovett ("Lovett") filed a petition for relief from sex offender registration requirements under Indiana's Sex Offender Registration Act ("SORA"). The trial court denied his petition. Lovett appeals, arguing that the registration requirement is unconstitutional as applied to him because it violates the *ex post facto* clause of the Indiana Constitution. Because Lovett was, at the time of and as a result of his original offense, subject to sex offender reporting requirements in another state, we conclude that an ongoing requirement to register in Indiana is not an additional, *ex post facto* punishment under the Indiana Constitution.

We affirm.

# Facts and Procedural History

On August 28, 1991, Lovett was convicted of rape of a child and child molestation in the State of Washington. After serving his sentence, Lovett was released from incarceration on May 13, 2003. Under Washington law, Lovett is required to register as a sex offender indefinitely.

Upon his release from incarceration in May 2003, Lovett moved to Indiana. In addition to being required to register as a sex offender, in 2007, Lovett was

required to register as a serious violent predator and comply with more rigorous restrictions after the General Assembly passed amendments to SORA.[1]

[5] On February 11, 2015, Lovett filed a petition for relief from the sex offender registration requirements. Following a hearing, the trial court denied Lovett's petition. Lovett now appeals.

# Discussion and Decision

[6] In this appeal, Lovett contends that the trial court erred when it denied his petition because the requirements of Indiana's SORA are *ex post facto* punishments as applied to him.

[7] Article 1, section 24 of the Indiana Constitution provides that "[n]o ex post facto law…shall ever be passed." Among other things,

> the ex post facto prohibition forbids the state to enact any law which imposes a punishment for an act which was not punishable at the time it was committed or imposes punishment additional to that which was *already imposed*. The underlying purpose of the ex post facto clause is to give effect to the fundamental principle that persons have a right to fair warning of the type of conduct that will give rise to criminal penalties.

[8] *Burton v. State*, 977 N.E.2d 1004, 1007 (Ind. Ct. App. 2012) (emphasis added) (internal citations omitted), *trans. denied*.

---

[1] Ind. Code ch. 11-8-8.

[9] In a line of cases beginning with the Indiana Supreme Court's decision in *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009), Indiana courts have addressed a variety of *ex post facto* challenges to the sex offender registration requirements under SORA. In *Wallace*, the Indiana Supreme Court was presented with an appeal by an individual who had been tried, convicted, and sentenced for sex offenses in the State of Indiana before Indiana's SORA had been enacted into law. *Id.* at 373. In those circumstances, the *Wallace* Court held that registration requirements of SORA were unconstitutional *ex post facto* punishments as applied to Wallace, concluding that as to Wallace, SORA "impose[d] burdens that have the effect of adding punishment beyond that which could have been imposed when his crime was committed." *Id.* at 384.

[10] In Lovett's case, the applicable facts are as follows. The State of Washington enacted its own version of SORA, which had already taken effect before Lovett was convicted of his crimes. Thus, Lovett was required upon release from imprisonment to register himself with authorities in the State of Washington, and this requirement was imposed immediately upon Lovett's conviction. Rather than remain in Washington after his release from imprisonment in 2003, Lovett traveled to and settled in Indiana. When Lovett arrived in Indiana, our state's SORA had been enacted and was in effect.

[11] Nevertheless, Lovett argues that because his conviction date precedes the adoption of Indiana's SORA, the imposition of a lifetime registration requirement in Indiana is an *ex post facto* punishment as to him. He argues that *Wallace*, as well as a line of cases from this Court, mandate this result because,

he says, the date of an individual's conviction has been deemed determinative for Indiana *ex post facto* analysis in *Hough v. State*, 978 N.E.2d 505 (Ind. Ct. App. 2012), *trans. denied*; *Andrews v. State*, 978 N.E.2d 494 (Ind. Ct. App. 2012), *trans. denied*; *Burton*, *supra*. An examination of each of these cases shows that they are distinguishable from the case at bar, and that none of them impose the rule Lovett's argument suggests: that a conviction date for a crime committed outside Indiana and prior to the enactment of Indiana's SORA is by itself dispositive as to Indiana's *ex post facto* analysis.

[12] *Burton*, in particular, is instructive. Burton had been convicted of a sex offense in Illinois in 1987 and was subsequently required by that state to register in 1996. *Burton*, 977 N.E.2d at 1006. He failed to do so, and was convicted for registration violations in 2003 and 2007; these offenses imposed upon Burton an ongoing registration requirement. *Id.* at 1008. The *Burton* Court centered its analysis in part upon the date of Burton's conviction for his initial sex offense in Illinois, which predated both Illinois's and Indiana's SORA enactments by several years. The *Burton* Court rejected the State's argument that Burton's ongoing registration requirement in Illinois as a result of his 2003 and 2007 convictions prevented Indiana registration requirements from being an *ex post facto* punishment as to Burton. *Id.* at 1009.

[13] In reaching its decision, the *Burton* Court acknowledged that its holding as to the *ex post facto* nature of registration requirements might properly be limited to "those offenders who committed crimes in states which had no registration requirements at the time of the offenses." *Id.* at 1010. As the *Burton* Court

observed, "the date of the commission of the crime and the law in place at that time is relevant to the ex post facto analysis." *Id.* at 1009. This accords with the statement of our supreme court in *Wallace* that an *ex post facto* law is prohibited "because it imposes burdens that have the effect of adding punishment beyond that which could have been imposed when [the] crime was committed." 905 N.E.2d at 384.

[14] A review of the Indiana cases at issue here demonstrates conformance to the *Burton* Court's interpretation of the requirements of *Wallace*. In *Hough*, Hough had been convicted of a sex offense in 1993 in Pennsylvania, which did not adopt an equivalent to SORA until 1996. 978 N.E.2d at 505. Thus, upon conviction, Hough was not required to register in Pennsylvania, and this Court accordingly concluded that a requirement to register as a sex offender in Indiana was an unconstitutional *ex post facto* punishment. *Id.* at 506-07.

[15] In *Andrews*, Andrews had been convicted of a sex offense in Massachusetts in 1984, and the Massachusetts sex offender registry law did not operate in a manner identical to that of Indiana. 978 N.E.2d at 495. When he moved to Indiana in 1993, this state's SORA had not yet been enacted; when he again moved to Indiana in 1997, SORA did not require registration of individuals who had been convicted of sex offenses outside of Indiana. *Id.* Based upon the date of Andrews's conviction, the different registration regime in Massachusetts under which Andrews had never been required to register, and the lack of an independent federal requirement that Andrews register as a sex offender, this

Court held that Indiana's SORA requirements were an unconstitutional *ex post facto* punishment as to Andrews. *Id.* at 498, 502.

[16] In each of these cases, then, this Court has held as an *ex post facto* punishment a sex offender registration requirement where the individual's conviction came before the enactment of Indiana's SORA. In each case, the analysis has turned on more than simply the date of an individual's conviction, because each of these cases was unlike *Wallace*, which considered only the effect of an Indiana conviction prior to the enactment of Indiana's SORA. In the other cases, there have been two crucial points: the date of the individuals' conviction, and the use of Indiana's *ex post facto* doctrine to evaluate the consequences of a conviction with respect to *another state's* SORA enactment. In *Burton* and *Hough*, the states in which those individuals were convicted did not have SORA enactments prior to the individuals' underlying convictions. In *Andrews*, Massachusetts's SORA enactment did not impose registration as a matter of law without a hearing, statutory procedures which did not exist in Indiana and under which Andrews was never required to register in Massachusetts.

[17] Here, unlike these cases, Lovett was convicted of a sex offense in another state and was required to register indefinitely in that state as of the time of his conviction. The date of his conviction relative to Indiana law is not, as the *Burton* Court observed, the sole determinant of whether a requirement to register as a sex offender in Indiana constitutes an *ex post facto* punishment. The question is, instead, whether such a requirement would impose additional

punishment for Lovett's offenses beyond those burdens already placed upon him at the time of his conviction.

[18] We conclude that the registration requirement does not do so, and thus Indiana's SORA is not an *ex post facto* punishment as to Lovett.[2] Lovett was subject to registration requirements in the State of Washington from the date of his conviction; it is not adding to his punishment to require continued registration in Indiana. And he should not be allowed to evade these requirements simply by relocating to Indiana, when the sole basis for that evasion would be a conviction date for a crime committed outside Indiana. We therefore affirm the judgment of the trial court.

[19] Affirmed.

[20] Mathias, J., concurs.

[21] Baker, J., dissents with separate opinion.

---

[2] This Court has previously concluded in dicta that when an individual has been convicted of an offense in another state and the individual was required as of the time of that offense to register as a sex offender in that state, there is no *ex post* facto violation associated with Indiana's later-enacted registration requirement. In *Herron v. State*, 918 N.E.2d 682 (Ind. Ct. App. 2009), Herron had been convicted in 1984 as a sex offender in Arizona and, as of the time of his offense, was required to register for life. *Id.* at 684. After his release from prison, Herron registered as a sex offender in Arizona. He later moved to Indiana, and Indiana authorities requested that Herron register in 2008. Herron filed a petition seeking to avoid registration requirements under Indiana's SORA, contending that this requirements was an *ex post facto* punishment. The trial court denied the petition, and this Court affirmed the trial court's judgment, finding that, waiver notwithstanding, because Herron "was required by *Arizona* to register as a sex offender *when he committed his offense*," he was not subject to an *ex post facto* punishment by the later-enacted Indiana registration requirements. *Id.* at 684 (emphasis added).

# IN THE
# COURT OF APPEALS OF INDIANA

Rex S. Lovett,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

Court of Appeals Case No.
20A04-1506-MI-591

**Baker, Judge, dissenting.**

I respectfully dissent. In *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009), our Supreme Court held that mandatory sex offender registration is punitive, and that application of SORA to an offender who had committed his offense prior to the enactment of SORA violated the ex post facto prohibition of the Indiana Constitution.

On at least three occasions since *Wallace*, this Court has had occasion to consider the application of *Wallace* to individuals who were convicted of sex offenses in other states before SORA was enacted. In these cases, the defendant later moved to Indiana and argued that application of SORA as applied to him was unconstitutional. On each of these three occasions, this Court found that application of SORA was, in fact, unconstitutional under the ex post facto clause when applied to an individual who had committed his offense prior to

SORA's enactment. *State v. Hough*, 978 N.E.2d 505 (Ind. Ct. App. 2012) (holding that defendant, who had been convicted of rape in Pennsylvania prior to SORA enactment, could not be required to register as sex offender in Indiana), *trans. denied*; *Andrews v. State*, 978 N.E.2d 494 (Ind. Ct. App. 2012) (holding that defendant, who had been convicted of sex offenses in Massachusetts prior to SORA enactment, could not be required to register as sex offender in Indiana), *trans. denied*; *Burton v. State*, 977 N.E.2d 1004, 1010 (Ind. Ct. App. 2012) (holding that defendant, who had been convicted of sex offenses in Illinois prior to SORA enactment, could not be required to register as sex offender in Indiana), *trans. denied*.

I acknowledge that in this case, SORA imposed no additional burdens on Lovett because he was already required to register in Washington. That was also the case in *Hough* and in *Burton*, however. *Hough*, 978 N.E.2d at 505-06 (had defendant remained in Pennsylvania, he would have been required to register; the State did not require him to register only because he planned to relocate immediately to Indiana upon his release); *Burton*, 977 N.E.2d at 1006-07 (defendant was required to register in Illinois and had been convicted twice in that State of registration violations).

I see no meaningful distinction between those cases and the instant case. In neither *Wallace*, nor *Hough*, nor *Burton*, nor *Andrews*, did the court explicitly include as part of its analysis the date of enactment of the SORA equivalent in the state of conviction. In my view, the majority engrafts this requirement onto

the prior cases, creating a second prong of a test that does not otherwise exist. Consequently, I part ways with the majority's analysis of the relevant cases.

[26] In this case, Lovett's Washington convictions occurred in 1991. SORA, which requires sex offenders to register upon release from jail, was enacted three years later, in 1994. In 2001, the legislature amended SORA to require those with out-of-state convictions to register in Indiana upon residence in this State.

[27] The State urges us to focus on the year in which Lovett moved to Indiana— 2003. According to the State, because Lovett knew when he moved to Indiana that he would be required to register as a sex offender under SORA, there is no violation of the ex post facto clause.

[28] While I see the logic in the State's position on this issue, as well as the majority's decision, the case law could not be clearer. Our Supreme Court, plus three panels of this Court, have plainly held that the date of primary importance is the date of the original conviction. Notwithstanding the state of the law at the time Lovett moved to Indiana, he is a resident of this State and "is entitled to the protections afforded to him by the Indiana Constitution. Therefore, even though he would be required to register as a sex offender under [Washington's] laws, Indiana's law controls." *Hough*, 978 N.E. 2d at 510. Lovett was convicted of a sex offense before Indiana enacted SORA. Therefore, I believe that requiring him to register as a sex offender would violate Indiana's constitutional prohibition against ex post facto laws; I would affirm the trial court's judgment.