*658 BAILEY, Judge. .
Case Summary
Rex Lovett (“Lovett”) filed a petition for relief from sex offender registration requirements under Indiana’s Sex Offender Registration Act (“SORA”). The trial court denied his petition. Lovett appeals, arguing that the registration requirement is unconstitutional as applied to him because it violates the ex post facto clause of the Indiana Constitution. Because Lovett was, at the time of and as a result of his original offense, subject to sex offender reporting requirements in another state, we conclude that an ongoing requirement to register in Indiana is not an additional, ex post facto punishment under the Indiana Constitution.
We affirm.
Facts and Procedural History
On August 28, 1991, Lovett was convicted of rape of a child and child molestation in the State of Washington. After serving his sentence, Lovett was released from incarceration on May 13, 2003. Under Washington law, Lovett is required to register as a sex offender indefinitely.
Upon his release, from incarceration in May 2003, Lovett moved, to Indiana. In addition to being required .to register , as a sex offender, in 2007, Lovett was required to register as a serious violent predator and comply with more rigorous restrictions after the General Assembly passed amendments to SORA.[1]
On February 11, 2015, Lovett filed a petition for relief from the sex offender registration requirements. Following a hearing, the trial court denied Lovett’s petition. Lovett now appeals.
Discussion and Decision
In this appeal, Lovett contends that the trial court erred when it denied his petition because the requirements of Indiana’s SORA are ex post facto punishments as applied to him.
Article 1, section 24 of the Indiana Constitution provides that “[n]o ex post facto law" ... shall ever bfe passed.” Among other things,
the ex post facto prohibition forbids the state to enact any law which imposes a punishment ior an act which was not punishable at the time it was committed ... or imposes punishment additional, to that which was already imposed. The underlying purpose of the ex post facto - clause is to give effect to the fundamental principle that persons have a right to fair warning of the type of conduct that . will give rise to criminal penalties.
Burton v. State, 977 N.E.2d 1004, 1007 (Ind.Ct.App.2012) (emphasis added) (internal citations omitted), trans. denied.
In a line of cases beginning with the Indiana Supreme Court’s decision in Wallace v. State, 905 N.E.2d 371 (Ind.2009), Indiana courts have addressed a variety of ex post facto challenges to the sex offender registration requirements under SORA. In Wallace, the Indiana Supreme Court was presented with an appeal by an individual who had been tried, convicted, and sentenced for sex offenses in the State of Indiana before Indiana’s SORA had been enacted into law. Id. at 373. In those circumstances, the Wallace Court held that registration requirements of SORA were unconstitutional ex post fac-to punishments as applied to Wallace, concluding that as to Wallace, SORA “impose[d] burdens that have the effect of adding punishment beyond that which could have been ■ imposed- when his crime was committed.” ■ Id. at 384.
*659 In Lovett’s case, the applicable facts are as follows. The State of Washington enacted its own version of SORA, which had already taken effect before Lo-vett was convicted of his crimes. ' Thus, Lovett was required upon release from imprisonment to register himself with» authorities in the State of Washington, and this requirement was imposed immediately upon Lovett’s conviction. Rather than remain in Washington after his release from imprisonment in 2003, Lovett traveled to and settled in Indiana. When Lovett arrived in Indiana, our state’s SORA had been enacted and was in effect.
Nevertheless, Lovett argues that because his conviction date precedes the adoption of Indiana’s SORA, the imposition of a lifetime registration requirement in Indiana is an ex post facto punishment as to 'him. He argues that Wallace, as well as a line of cases from this Court, mandate this result because, he says, the date of an individual’s conviction has been deemed determinative for Indiana ex post facto analysis in State v. Hough, 978 N.E.2d 505 (Ind.Ct.App.2012), trans, de-nied Andrews v. State, 978 N.E.2d 494 (Ind.Ct.App.2012), trans. denied; Burton, supra. An examination of each of these cases shows that they are distinguishable from the case at bar, and .that none of them impose the rule Lovett’s, argument suggests: that a conviction date for a crime committed outside Indiana and prior to the enactment of Indiana’s SORA is by itself dispositive as to Indiana’s ex post facto analysis.
Burton, in particular, is instructive. Burton had been convicted of a sex offense in Illinois in 1987 and was subsequently required by that state to register in 1996. Bwion, 977 N.E.2d at 1006. He failed to do so, and whs convicted for registration violations in 2003 and 2,007; these offenses imposed upon Burton an ongoing registration requirement. Id. at: 1008. The Burton Court centered its-analysis in part upon the date of Burton’s conviction for his initial sex offense in Illinois; which predated both' Illinois’s and Indiana’s SORA enactments by 'several years. The Burton Court rejected the State’s argument that Burton’s ongoing registration requirement in Illinois as a result of his 2003 and 2007 convictions' prevented Indiana registration requirements ‘ from being an ex post facto punishment as to Burton. Id. at 1009.
 In reaching its decision, the Burton Court acknowledged that its holding as to the ex post facto nature of registration requirements might properly be limited to “those offenders who committed crimes in states which had no registration requirements at the time of the offenses.” Id. at 1010. As the Burton Court observed, “the date of the commission of the crime and the law in place at that time is relevant to the ex post facto analysis.” Id. at 1009. This accords with the statement of our supreme court in Wallace that ah ex post facto law is prohibited “because it imposes burdens' that have the effect of adding punishment beyond that which could have been imposed when [the] crime was committed.” 905 N.E.2d at 384.
A review of the Indiana eases at issue here demonstrates conformance to the Burton Court’s interpretation of the requirements of Wallace. In Hough, Hough had been convicted of a sex offense in 1993 in Pennsylvania, which did not adopt an equivalent to SORA until 1996. 978 N.E,2d at 505. Thus, upon conviction, Hough was not required to register in Pennsylvania, and this Court accordingly concluded that a requirement to register as a sex offender in Indiana was an unconstitutional ex post facto punishment. Id. at 506-07.
*660 In Andrews, Andrews had been convicted of a sex offense in Massachusetts in 1984, and the Massachusetts sex offender registry law did not operate in a manner identical to that of Indiana. 978 N.E.2d at 495. When he moved to Indiana in 1993, this state’s SORA had not yet been enacted; when he again moved to Indiana in 1997, SORA did not require registration of individuals .who had been convicted of sex offenses outside of Indiana. Id. Based upon the date of Andrews’s conviction, the different registration regime in Massachusetts under which Andrews had never been required to register, and the lack of an independent federal requirement that Andrews register as a sex offender, this Court held that Indiana’s SORA requirements were an unconstitutional ex post facto punishment as to Andrews. Id. at 498, 502.
In each of these cases, then, this Court has held as an ex post facto punishment a sex offender registration requirement where the individual’s conviction came before the enactment of Indiana’s SORA. In each case, the analysis has turned on more thán simply the date of an individual’s conviction, because each of these cases was unlike Wallace, which considered only the effect of an Indiana conviction prior to the enactment of Indiana’s SORA. In the other cases, there have been two crucial points: the date of the individuals’ conviction, and the use of Indiana’s ex post facto doctrine to evaluate the consequences of a conviction with respect to another state’s SORA enactment. In Burton and Hough, the states in which those individuals were convicted did not have SORA enactments prior to the individuals’ underlying convictions. In Andrews, Massachusetts’s SORA enactment did not impose registration as a matter of law without a hearing, statutory procedures which did not exist in Indiana and under which Andrews was never required to register in Massachusetts.
 Here, unlike these cases, Lo-vett was convicted of a sex offense in another state and was required to register indefinitely in that state as of the time of his conviction. The date of his conviction relative to Indiana law is not, as the Burton Court observed, the sole determinant of whether a requirement to register as a sex offender in Indiana constitutes an ex post facto punishment. The question is, instead, whether such a requirement would impose additional punishment for Lovett’s offenses beyond those burdens already placed upon him at the time of his conviction.
We conclude that the registration requirement does not do so, and thus Indiana’s SORA is not an ex post facto punishment as to Lovett.[2] Lovett was subject to registration requirements in the *661 State of Washington from the date of his conviction; it.is not adding to his punishment to require continued registration in Indiana. And he should not be allowed to evade these requirements simply by relocating to Indiana, when the sole basis for that evasion would be a conviction date for a crime committed outside Indiana. We therefore affirm the judgment of the trial court.
Affirmed.
MATHIAS, J., concurs.
BAKER, J., dissents with separate opinion.

. Ind.Code ch. 11-8-8.

. This Court has previously concluded in dicta that when an individual has been convicted of an offense in another state and the individual was required as of the time of that offense to register as a sex offender in that state, there is no ex post facto violation associated with Indiana’s later-enacted registration requirement. In Herron v. State, 918 N.E.2d 682 (Ind.Ct.App.2009), Herron had been convicted in 1984 as a sex offender in Arizona and, as of the time of his offense, was required to register for life. Id. at 684. After his release from prison, Herron registered as a sex offender in Arizona. He later moved to Indiana, and Indiana authorities requested that Herron register in 2008. Herron filed a petition seeking to avoid registration requirements under Indiana’s SORA, contending that this requirements was an ex post facto punishment. The trial court denied the petition, and this Court affirmed the trial court’s judgment, finding that, waiver notwithstánding, because 1 Herron "was required by Arizona to register as a sex offender when he committed his offense," he was not subject to an ex post facto punishment by the later-enacted Indiana registration requirements. Id. at 684 (emphasis added).