BAKER, Judge,
dissenting.
I respectfully dissent. In Wallace v. State, 905 N.E.2d 371 (Ind.2009), our Supreme Court held that mandatory sex offender registration is punitive, and that application of SORA to an offender who had committed his offense prior to the enactment of SORA violated the ex post facto prohibition of the Indiana Constitution.
On at least three occasions since Wallace, this Court has had occasion to consider the application of Wallace to individuals who were convicted of sex offenses in other states before SORA was enacted. In these cases, the defendant later moved to Indiana and argued that application of SORA as applied to him was unconstitutional. On each of these three occasions, this Court found that application of SORA was, in fact, unconstitutional under the ex post facto clause when applied to an individual who had committed his offense prior to SORA’s enactment. State v. Hough, 978 N.E.2d 505 (Ind.Ct.App.2012) (holding that defendant, who had been convicted of rape in Pennsylvania prior to SORA enactment, could not be required to register as sex offender in Indiana), trans. denied; Andrews v. State, 978 N.E.2d 494 (Ind.Ct.App.2012) (holding that defendant, who had been convicted of sex offenses in Massachusetts prior to SORA enactment, could not be required to register as sex offender in Indiana), trans. denied; Burton v. State, 977 N.E.2d 1004, 1010 (Ind.Ct.App.2012) (holding that defendant, who had been convicted of sex offenses in Illinois prior to SORA enactment, could not be required to register as sex offender in Indiana), trans. denied.
I acknowledge that in this case, SORA imposed no additional burdens on Lovett because he was already required to register in Washington. That was also the case in Hough and in Burton, however. Hough, 978 N.E.2d at 505-06 (had defendant remained in Pennsylvania, he would have been required to register; the State did not require him to register only because he planned to relocate immediately to Indiana upon his release); Burton, 977 N.E.2d at 1006-07 (defendant was required to register in Illinois and had been convicted twice in that State of registration violations).
I see no meaningful distinction between those cases and the instant case. In neither Wallace, nor Hough, nor Burton, nor Andrews, did the court explicitly include as part of its analysis the date of enactment of the SORA equivalent in the state of conviction. In my view, the majority engrafts this requirement onto the prior cases, creating a second prong of a test that does not otherwise exist. Consequently, I part ways with the majority’s analysis of the relevant cases.
In this case, Lovett’s Washington convictions occurred in 1991. SORA, which requires sex offenders to register upon release from jail, was enacted three years later, in 1994. In 2001, the legislature amended SORA to require those with out-of-state convictions to register in Indiana upon residence in this State.
*662 The State urges us to focus on the year in which Lovett moved to Indiana— 2003. According to the State, because Lo-vett knew when he moved to Indiana that he would be required to register as a sex offender under SORA, there is no violation of the ex post facto clause. >
While I see the logic in the State’s position on this issue, as well as the majority’s- decision, the case law could not be clearer. Our Supreme Court, plus three panels of this Court, have plainly held, that the date of primary importance is the date of the original conviction. Notwithstanding the state of the law at the time Lovett moved .to Indiana, he is a resident of this State and “is entitled to the protections afforded, .to him by the Indiana Constitution. Therefore, even though he would be required to register as a sex offender under [Washington’s] laws, Indiana’s law controls.” Hough, 978 N.E.2d at 510. Lovett was' convicted of a sex- offense before Indiana enacted SORA. Therefore, I believe that- requiring him to register as a sex offender would violate Indiana’s constitutional prohibition against ex post facto laws; I would affirm the trial court’s judgment.