NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

FRANK MARTIN LAWRENCE, III, *Petitioner*.

No. 1 CA-CR 25-0209 PRPC

FILED 01-28-2026

Petition for Review from the Superior Court in Maricopa County
No.  CR2020-137126-001
The Honorable Chuck Whitehead, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Frank Martin Lawrence, III, San Luis
*Petitioner*

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Daniel J. Kiley and Judge Cynthia J. Bailey joined.

**W I L L I A M S**, Judge:

¶1 Petitioner Frank Martin Lawrence, III, seeks review of the superior court's order summarily dismissing his petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure ("Rule") 33. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTUAL AND PROCEDURAL HISTORY

¶2 The State charged Lawrence with one count of second-degree murder (a class 1 dangerous felony), one count of leaving the scene of a fatal injury accident (a class 2 felony), and one count of aggravated assault (a class 6 felony). A.R.S. §§ 13-1104(A), -1204(A), and 28-661(C). After a settlement conference, Lawrence pled guilty to second-degree murder and aggravated assault. He admitted he intentionally struck one victim with his vehicle, causing the victim's death, and he also hit another victim in the face while she was seated in a car.

¶3 Lawrence later moved to withdraw from his plea agreement, arguing "he was not given time to make an informed decision and did not understand the plea." The superior court denied his motion and, consistent with the terms of the plea agreement, sentenced him to concurrent prison terms of twenty-five years for second-degree murder and two years for aggravated assault.

¶4 Lawrence filed a petition for PCR, raising claims of ineffective assistance of counsel ("IAC") and newly discovered evidence. Lawrence argued trial counsel was ineffective because he: (1) failed to interview witnesses; (2) failed to review discovery with Lawrence; (3) filed motions without Lawrence's approval; (4) "exerted substantial psychological pressure" on Lawrence to plead guilty; (5) asked Lawrence to lie to establish a factual basis for the plea; and (6) failed to present any mitigation evidence. The superior court summarily dismissed the petition, finding Lawrence failed to present a colorable claim.

**¶5**        Lawrence petitioned for review of the superior court's ruling. We grant review under Article 6, Section 9, of the Arizona Constitution, A.R.S. § 13-4239(C), and Rule 33.16.

## DISCUSSION

**¶6**        We review the superior court's summary dismissal of a PCR petition for an abuse of discretion. *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021). When the court commits an error of law or fails to investigate the facts supporting its decision, it abuses its discretion. *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017).

**¶7**        On review, Lawrence reasserts his IAC claim.[1] "By entering a guilty plea, a defendant waives all non-jurisdictional defects and defenses, including claims of ineffective assistance of counsel, except those that relate to the validity of [his] plea." *State v. Leyva*, 241 Ariz. 521, 527, ¶ 18 (App. 2017) (citation modified). Accordingly, on review, and with respect to his convictions, the only relevant inquiry is whether Lawrence knowingly, intelligently, and voluntarily entered the plea agreement.

**¶8**        To prevail on an IAC claim, a petitioner must "demonstrate that counsel's conduct fell below an objective standard of reasonableness and that he was prejudiced thereby." *Bigger*, 251 Ariz. at 407, ¶ 8 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). In the context of plea negotiations, Lawrence must show counsel "either (1) gave erroneous advice or (2) failed to give information necessary to allow [him] to make an informed decision whether to accept the plea." *State v. Donald*, 198 Ariz. 406, 413, ¶ 16 (App. 2000); *see also State v. Anderson*, 257 Ariz. 226, 233, ¶ 28 (2024). To show prejudice, Lawrence must demonstrate a reasonable probability that the outcome would have been different—in other words, that he probably would have rejected the State's offer absent his attorney's deficient performance. *See Donald*, 198 Ariz. at 414, ¶ 20. "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006).

**¶9**        First, Lawrence argues counsel pressured him to accept the plea by saying he would likely be sentenced to life in prison if convicted at trial. But a defense attorney's "honest . . . negative assessment of [petitioner's] chances at trial does not constitute improper behavior or

---

[1]        Because Lawrence does not refer to his newly discovered evidence claim on review, we consider it waived. *See* Ariz. R. Crim. P. 33.16(c)(4).

coercion that would suffice to invalidate a plea." *Leyva*, 241 Ariz. at 526, ¶ 16 (citation modified).

**¶10** Second, Lawrence asserts counsel rushed him to accept the plea despite his mental health issues, alleging he was admitted to a psychiatric ward and started medication that caused severe side effects. Lawrence failed to support this argument with any evidence. *See* Ariz. R. Crim. P. 33.7(e) ("The defendant must attach to the petition any affidavits, records, or other evidence currently available to the defendant supporting the allegations in the petition."). More importantly, Lawrence's statements at the change of plea hearing—denying he took any drugs or prescribed medication that could affect his understanding of the proceeding—belie this claim. *See Leyva*, 241 Ariz. at 525, ¶ 12 (holding a defendant's statements during a change-of-plea colloquy "constitute a formidable barrier in a subsequent challenge to the validity of a plea") (citation modified).

**¶11** Third, Lawrence argues counsel told him to "lie" to establish the factual basis of his plea. He relies on *State v. Hershberger*, 180 Ariz. 495, 497 (App. 1994), in which this court held the defendant was entitled to an evidentiary hearing based on his sworn allegation that counsel instructed him to lie for the purpose of establishing a factual basis. But *Hershberger* is readily distinguishable because, here, Lawrence provided no sworn statement, or any other evidence, to support his allegation. Nor does the record support his argument. At the change of plea hearing, Lawrence stated he voluntarily accepted the factual basis of his plea and denied that anyone promised him anything or threatened him to enter the plea. *See Leyva*, 241 Ariz. at 525, ¶ 12. Thus, Lawrence's claim was appropriately dismissed. *See id.* at 526, ¶ 13 ("[A] challenge to plea proceedings is subject to summary dismissal when based on conclusory allegations unsupported by specifics or on contentions that in the face of the record are wholly incredible.") (citation modified).

**¶12** Finally, Lawrence argues counsel was ineffective for failing to present mitigation evidence. Even assuming counsel's performance was deficient, Lawrence fails to establish prejudice because he provides no specific mitigation evidence that counsel should have presented. *See Donald*, 198 Ariz. at 414, ¶ 21 ("To mandate an evidentiary hearing, the defendant's challenge must consist of more than conclusory assertions and be supported by more than regret.").

**¶13** Therefore, Lawrence has failed to show the superior court abused its discretion by summarily dismissing his IAC claim.

## CONCLUSION

**¶14** We grant review but deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR