NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

HARRY LEE ALICAJIC, *Appellant*.

No. 1 CA-CR 25-0206

FILED 03-24-2026

Appeal from the Superior Court in Maricopa County
No.  CR2023-128190-001
The Honorable Margaret LaBianca, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which
Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

**M O R S E**, Judge:

**¶1**        Harry Lee Alicajic ("Alicajic") appeals from a restitution order. After searching the entire record, Alicajic's counsel identified no arguable, non-frivolous questions of law. In accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Alicajic had the opportunity to file a supplemental brief *in propria persona* but did not do so. Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**        On July 25, 2024, Alicajic pled guilty to aggravated assault, a class 3 non-dangerous felony, and arson of an occupied structure, a class 2 non-dangerous felony. The plea stipulated that he would pay restitution for economic losses to the victim with a maximum fine of $150,000. On August 27, 2024, Alicajic was sentenced to four years in prison, followed by four years of probation. The court also ordered Alicajic to "pay restitution for all economic losses to all victims." Alicajic did not appeal his conviction or sentence.

**¶3**        The State later requested $52,874.50 as restitution to the victim. This amount was based on the difference between the victim's claimed total losses and the value of his homeowner's insurance policy, plus an additional $13,405.14 for lost rentals.

**¶4**        On April 11, 2025, the court held a non-witness restitution hearing. Alicajic waived his right to be present at the hearing. The parties submitted evidence and arguments, and the court ordered Alicajic to pay the requested amount.

**¶5**        Alicajic timely appealed the restitution order, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033.

### DISCUSSION

**¶6**        Our review of the record reveals no fundamental error. *See Leon*, 104 Ariz. at 300. The record reflects that the court conducted the restitution proceeding in compliance with the Arizona Rules of Criminal

---

[1]        "[W]e view the evidence bearing on a restitution claim in the light most favorable to sustaining the court's order." *See State v. Lewis*, 222 Ariz. 321, 324, ¶ 5 (App. 2009).

Procedure. Counsel represented Alicajic at the restitution hearing and waived his right to be present. *See* Ariz. R. Crim. P. 6.1, 19.2. In addition, A.R.S. § 13-4033(B) bars a defendant from directly appealing a contested post-judgment restitution order entered pursuant to a plea agreement that contemplated payment of restitution up to a capped amount. *See Hoffman v. Chandler ex rel. County of Pima*, 231 Ariz. 362, 362–63, ¶ 1 (2013). Thus, Alicajic is barred from directly appealing the restitution order because the ordered amount fell within the cap contemplated in the plea agreement. *See id.* at 363, ¶ 1 ("Any appellate review must be obtained through post-conviction relief proceedings.").

## CONCLUSION

**¶7**         We have reviewed the entire record for arguable issues of law and find none. We affirm the restitution order. *See Leon*, 104 Ariz. 300–01.

**¶8**         Upon the filing of this decision, defense counsel shall inform Alicajic of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). This Court, of its accord, grants Alicajic 30 days from the date of this decision to file an *in propria persona* motion for reconsideration. *But see* Ariz. R. Crim. P. 31.20(c) (allowing 15 days to file a motion for reconsideration). Alicajic has 30 days from the date of this decision to file an *in propria persona* petition for review or 15 days after a timely motion for reconsideration is decided. *See* Ariz. R. Crim. P. 31.21(b)(2).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:         JR